## McFarland v. Bruening (two cases).
## Same v. Boschini.

Jan. 26, 1945.

268

E. Selby Wiggins for appellant.

Stanley Powell for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

While Henry C. Bruening, his wife and daughter, of Dubois, Pennsylvania, were traveling south on U. S. Highway No. 25 in the late afternoon of November 29, 1943, near the northern limits of Berea, a truck belonging to O. B. McFarland, loaded with coal, traveling north, downhill, suddenly came before them from behind

an automobile which had stopped momentarily on the highway to let a passenger out. The Bruening car collided with the back side of the truck as it was headed diagonally across the road in front of it. The driver of the other automobile had seen the truck coming up behind him and held out his hand to signal that he was about to stop. The hydraulic brakes of the truck were so much out of order, due to the absence or failure of the fluid in the cylinder of the brake system, that the truck could not be stopped. The driver had come from East Bernstadt, some 40 miles, without any brake. As he came up behind the stopped car, he realized the peril of striking the passenger getting out of it, or of colliding with the oncoming automobile of the Bruenings, and headed across the road toward a yard or grassy plot in his efforts to avoid colliding with either. That is the case of the plaintiffs, the occupants of the Bruening car, who were seriously injured.

The defendant testified that his truck had been examined a day or two before the accident and that the brakes were in good shape when he drove it to East Bernstadt the morning of the accident. He had returned to Lexington in another truck. The driver, Joe Damrel, 17 years old but having a driver's license, testified that when he saw the automobile 150 feet in front of him slowing down, but stopping without signal, "I started riding my brakes until I got up to him." The brakes, however, "were not in good enough shape to stop on that hill." When asked how the brakes operated, he answered: "Pretty good; they were holding pretty fair. They were not in perfect shape, but they would hold by having the emergency on and lock all the wheels of the truck and the hand brake." He "jerked the emergency brake on and cut over into the field" when he saw the oncoming automobile. The truck was wholly off the surface of the highway and the plaintiff's automobile ran over to where it was and struck it between the cab and the hind wheels. The loaded truck turned over. That is the case for the defendants.

The separate cases of the three occupants of the Bruening automobile were tried together. The verdict was $1,500 in favor of Mr. Bruening for personal injuries, lost time, expenses and damage to his automobile. In favor of Mrs. Bruening for $1,400 for personal injuries, lost time and expenses, and in favor of Mrs.

Boschini, their daughter, for $1,400 for personal injuries and expenses.

It was not error to try the cases together. In Sheetinger v. Dawson, 236 Ky. 571, 33 S. W. 2d 609, and Hirsch v. Warren, 253 Ky. 62, 68 S. W. 2d 767, we commended the practice of trying cases together where they arise out of the same facts and the parties are substantially the same, but held that it was error to do so in them, in each of which a husband and wife were the plaintiffs, because of the bar against one testifying for the other. Since those opinions were delivered, Section 606, Civil Code of Practice has been amended by Acts 1940, c. 95, so that a husband or wife is now a competent witness for the other, with certain exceptions not present here. Whether there should be a joint trial is a matter of discretion in the trial court, determinable upon whether it can be done without any undue advantage to any party. We think it was proper to try these cases together. Toppass v. Perkins' Adm'x, 268 Ky. 186, 104 S. W. 2d 423; Greer v. Richards' Adm'r, 273 Ky. 91, 115 S. W. 2d 568.

Clearly, the defendant was not entitled to a peremptory instruction. There was very little in the evidence to save him from an adverse one.

It was not error to permit the plaintiff, Bruening, to recover for the damage to his automobile although he had indemnity insurance that may or will enable him to recover from his insurer. The insurance was not for the defendant's protection.

The plaintiff's counsel improperly tried to get before the jury in his examination of the defendant that he could not or had not obtained the presence of the driver of his truck because he was in jail, and counsel went out of the record with some bad insinuations. The driver did appear and testified. In his brief, counsel confesses that he was "slightly loose in his argument," but submits that it was not prejudicial. We regard the conduct as a more serious indiscretion, but concur in the conclusion that it was not prejudicial to the defendant's substantial rights.

In Bruening's case the court instructed that it was the duty of both the plaintiff and the defendant "to bear to the right and keep to the right side of the road when meeting a vehicle coming in the opposite direction," and

in the other two cases (in which neither plaintiff was chargeable with any negligence of Bruening, the driver) that was one of the enumerated duties of the defendant. The appellant argues that this was error since the statute, KRS 189.300, only requires that a driver keep to the right side of the road "whenever possible." He offered an instruction in that form, following substantially the language of the statute, the duty therein being defined as "to operate his truck upon the right-hand side of the road whenever possible and not to pass to the left-hand side of the road unless the left-hand side of the road presented a clear and unobstructed view for a distance of 150 feet ahead." The given instruction is patterned after that approved in Berryman v. Worthington, 240 Ky. 756, 43 S. W. 2d 5, 6 (Instructions to Juries, Stanley, Sec. 114) where there was a collision with an oncoming automobile in the defendant's attempt to pass a car going in the same direction as he. The offered instruction seems to have followed the form approved in Leming's Adm'r v. Leachman, 268 Ky. 781, 105 S. W. 2d 1043, being Sec. 113, Stanley's Instructions to Juries. Under the conditions of this case, either form would have been correct and applicable. The statute is interpreted as requiring that drivers should keep to the right-hand side of the road whenever possible, but must do so if there is any traffic or other obstruction within 150 feet or if he cannot see the way clearly ahead for at least that distance. H. M. Williams Motor Company v. Howard, 251 Ky. 557, 65 S. W. 2d 688. In this case it is obvious that it was not only possible but obligatory that the defendant's driver stay on the right-hand side of the road and not drive over to the left side or attempt to cut diagonally across the road in front of the plaintiff's automobile, which was plainly seen.

It is further contended that it was error in Bruening's case not to have given what is sometimes called the "dogfall" instruction; that is, that if the jury shall believe that both drivers were negligent and their concurrent negligence caused the accident and consequent injuries, they will not award damages either to the plaintiff or to the defendant. See Instruction 4, Sec. 114, Stanley's Instructions to Juries. The defendant had plead a counterclaim for damages to his truck. Instructions were given to find for the defendant upon the belief that the plaintiff was contributorily negligent, or if the defendant's driver was placed in imminent danger

by being suddenly and unexpectedly confronted with an emergency because of the sudden stopping of the automobile in front of him and was thereby caused to drive the truck across the road. Perhaps it would have been better to have given the instruction on concurrent negligence, but since the particular contributory negligence instruction had the same effect, the failure to do so cannot be regarded as prejudicial to the defendant. We observe that the defendant got the best of the instructions in this particular since they permitted the jury to find for him on his counterclaim even though he may have been contributorily negligent.

There was no evidence upon which to base instructions in the case of the wife and daughter that they might have been guilty of contributory negligence by failing to protest against Bruening's rapid and negligent speed; hence it was not error to omit them. The same is true as to the refusal of an offered instruction on the theory of a joint enterprise. It appears that along the way from Pennsylvania both the wife and the daughter had driven the automobile from time to time, as well as had Mr. Bruening.

The first instruction stated the statutory and common law duties of both drivers. The second instruction submitted that if the jury believed from the evidence that the defendant violated any of them and proximately caused the accident, "or if the jury believe from the evidence that the defendant and his agent, the driver of the truck, or either of them, prior to the time of the collision knew or could have known by the exercise of ordinary care that the brakes on said truck were defective, would not grip or hold the wheels or stop the truck, and that with such knowledge operated said truck on this occasion with such defective brakes, if any, and further believe that by reason thereof defendant's truck collided with plaintiff's car and caused plaintiff the damages of which he complains, then they will find damages for the plaintiff Henry Bruening on his claim; unless you so believe you will find for defendant on the claim of plaintiff."

The appellant insists this instruction was erroneous because it assumed that the brakes of the truck were defective. It is to be noted that there was a qualifying clause "if any" following the condition that if the jury believed the defendant or his driver operated the truck

with knowledge of the defective brakes. The form is subject to criticism in the particular complained of, but we do not think the jury was misled or understood that the court was instructing them as a conclusive fact that the brakes were defective. Moreover, the testimony of the driver himself was to the effect that the brakes were defective and the only bit of evidence to the contrary was the possible inference arising from the testimony of the defendant that they were in good order when he drove the truck that morning.

There was some confusion in the pleadings and prayers for damages in each case, the amount asked being less than the aggregate of the itemized damages. Thus, the total of the items claimed by Bruening was $2,893.50, while the amount prayed for was $2,456. The instruction used the former instead of the lesser amount as the limit of recovery. Since none of the verdicts exceeded either figure and no motion was made to have the jury itemize their respective verdicts, it is clear there was no prejudicial error in this respect.

Some other points are raised, but we find no merit in them.

Wherefore the judgment is affirmed.