**CREAL et al. v. UNITED STATES et al.**
No. 1271.

United States District Court
W. D. Kentucky, Louisville Division.

May 20, 1949.

Henry V. B. Denzer and Watts, Warren & Denzer, Louisville, Ky., for plaintiffs.

David C. Walls, U. S. Atty., and Randolph A. Brown, Asst. U. S. Atty., Louisville, Ky., for defendants.

SHELBOURNE, Chief Judge.

This action was instituted by Frank Creal and his wife, Ethel Creal, and their two infant children, Carol Creal and Delbert Creal, suing by their father, as next friend, and William Edward Creal, an infant brother of Frank Creal, suing by the latter as his next friend, against the United States to recover under the provisions of the Federal Tort Claims Act—Title 28 U.S.C.A. § 921 et seq., Title 28 as revised Chapter 171.[1]

All of the plaintiffs seek damages arising out of a collision between an automo-

---

[1] See Revised Judicial Code, 28 U.S.C.A. §§ 1346, 2671 et seq.

bile, owned and driven by plaintiff, Frank Creal and a 1939 Army, ¾-ton, Dodge panel truck, driven by Phillip D. Clark, a member of the United States Army at the time of the collision.

The action is being determined as to the plaintiffs Frank Creal, Ethel Creal, Carol Creal and Delbert Creal only. The Court defers determination as to the plaintiff, William Edward Creal, because at the time of the accident he was a member of the United States Army and his right to recover under the provisions of the Federal Tort Claims Act will be determined by the Supreme Court in its decision in the case of United States v. Brooks, 4 Cir., 169 F.2d 840. See 69 S.Ct. 918.

There is pending in the Court of Appeals of this Circuit, the case of Armstrong v. United States, where the same question here is involved.

Ivy Mae Smith, a sister of plaintiff Frank Creal and Roger Creal, another infant child of Frank and Ethel Creal, were also passengers in the automobile, but instituted no action.

From the evidence, the Court makes the following—

### Findings of Fact.

1. On April 14, 1946, Phillip D. Clark, attached to the Military Police and a member of the United States Army, was in charge of and driving a Dodge panel truck and as such enlisted man, was engaged on official business and acting within the scope of his authority and duty.

Just prior to the accident, he was driving North on Dixie Highway U. S. 31W, a through Federal and State highway, approaching the intersection of that highway and a road entering the Dixie Highway from the East, known as Valley Station Road. Valley Station Road terminates at Dixie Highway. Near its entrance into its intersection with Dixie Highway, there is the usual type stop sign, requiring persons proceeding from Valley Station Road into or across the Dixie Highway to stop and yield the right of way to vehicles approaching on the Dixie Highway which are within the intersection or approaching so closely as that the entry into the intersection from the lesser highway would constitute an immediate hazard.

Dixie Highway runs north and south and for a considerable distance, both north and south of the intersection, it is a four-lane highway, the dual lanes on either side of the center being separated by a grass plot, except at the intersections, where the center is covered with asphalt.

The army truck, prior to the accident, was proceeding in the driver's right traffic lane. The Creal car was a 1934 Ford Coach. In the driver's seat in front was Frank Creal; to his right his wife, Ethel Creal and in her lap was their infant child, Roger Creal. William Edward Creal, brother of Frank Creal, sat on the left side of the rear seat behind the driver. A sister of Frank Creal, Ivy Mae Smith, sat on the right of the rear seat and between them sat Juanita Creal and the plaintiff Carol Creal. The plaintiff, Delbert Creal, a six-year old boy was standing in the space between the back and front seats.

There was riding in the back seat of the army vehicle, a soldier, Vernon Harry Green.

Plaintiff, Frank Creal testified that he approached the intersection, brought his car to a full stop, looked toward the north and saw no traffic and then looked to the south, where he saw an old model passenger car, which he estimated to be four hundred yards south of the intersection; that he then looked back to the north and seeing no traffic, proceeded in low gear and attempted to cross the two east lanes of the Dixie Highway; that when his car reached the asphalt space separating the dual traffic lanes, his car was struck just back of the door post on the left side and he remembers nothing further concerning the accident.

The testimony of the plaintiff, Ethel Creal, is substantially the same as that of her husband.

Plaintiff, William Edward Creal, remembered nothing of the accident, nor of the events immediately before or after its happening. Ivy Mae Smith died shortly following the accident and the infant oc-

cupants of the automobile were too young to testify.

William J. Bell and J. T. Shipley testified that they were riding on the front seat of an automobile traveling north on the Dixie Highway and when they were about four hundred yards south of the intersection with Valley Road, they saw the Creal car stop as it approached the intersection; that about the time the Creal car stopped, the military truck passed their car and swerved back to the right lane of the highway going at a rate of speed which caused the right front wheel to run off onto the berm of the highway, after which it veered back to the driver's left and toward the Creal car, which in the meantime, had entered the intersection and was proceeding in a straight course across the eastern half of the Dixie Highway. It was estimated by Bell that the army vehicle was traveling at seventy-five miles an hour and the witness Shipley estimated the speed of the army truck to have been not less than fifty miles an hour.

Theodore Straub, a member of the Jefferson County Police Department, assigned to the Accident Squad, and officer Cyrus Cunningham, were about two blocks north of the intersection and assisted in removing the injured persons from the automobile and took charge of traffic at the scene of the accident.

Officer Cunningham states that when he got out of the Police car at the scene of the accident, he saw the witness Bell, who assisted in righting the military truck, which had overturned following the collision.

Jeff A. McIntyre, then a member of the Jefferson County Police Accident Prevention Squad, came to the scene about half an hour after the accident. He testified to a skid mark leading to the military truck from the point of impact, a distance of 74 feet and 4 inches and that the Creal car was 48 feet north from the point of impact.

Both Clark and his passenger Green testified that the truck was approaching the intersection at a rate of speed of from forty to forty five miles an hour and that when the truck was approximately sev-enty five feet south of the Valley Road intersection, the Creal car came into the intersection traveling at an estimated speed of from five to ten miles an hour.

Clark was thoroughly familiar with the road, having traveled it many times.

In the collision, plaintiff Frank Creal sustained a fractured pelvis and dislocated hip, on account of which he remained in the hospital twenty-one days and has sustained, according to medical testimony, permanent impairment.

He was earning at the time $6.88 per day and lost 138 days from his work. His Doctor and hospital bills amounted to $147.75 and the damage to his car was $179.00.

Plaintiff, Ethel Creal, sustained a broken collar bone. She was in a cast for seven weeks, but suffered no permanent injury. Her Doctor and hospital bills aggregate $150. The infant, Carol Dean Creal, sustained a broken leg and skull concussion. Her medical expenses were $72. She has apparently recovered from her injuries.

Defendant Delbert Creal sustained a cut about the face, in which only one stitch was taken. There is no testimony as to the amount of hospital bills or medical fee, though there is testimony that the injury to his face was painful.

## Conclusions of Law

I. The Court has jurisdiction of the parties and the subject matter. Title 28 U.S.C.A. § 921 et seq., Revised Title 28, Chap. 171.

II. The driver of the government truck was required to operate his vehicle at no greater speed than was reasonable and prudent and so as to have regard for the traffic, and conditions and use of the highway. Kentucky Revised Statutes 189.-390.

The length of the skid marks made by the truck, together with the estimate of its speed by disinterested witnesses, established negligent operation on the part of the defendant, which resulted in the collision.

III. It was the duty of the plaintiff, Frank Creal, to bring his automobile

to a full stop before driving onto the Dixie Highway from Valley Station Road.

Sub-sections 3 and 4 of Section 189.-330—Kentucky Revised Statutes—are as follows:

"(3) A vehicle being operated upon any intercounty seat highway, designated state highway or boulevard, or any street which by ordinance has been designated as being equal in importance to a boulevard, need not yield the right of way to a vehicle approaching from the right where such a highway intersects another highway of lesser class. Any vehicle operated on the lesser class highway shall stop before entering a highway of a higher class.

"(4) The driver of a vehicle shall stop at the entrances to a through highway and shall yield the right of way to other vehicles which have entered the intersection from the through highway or which are approaching so closely on the highway as to constitute an immediate hazard, but the driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on the through highway shall yield the right of way to the vehicle so proceeding into or across the through highway."

Hence, it was the duty of the plaintiff Creal to bring his car to a complete stop and exercise ordinary care to learn of the approach of vehicles on the Dixie Highway, approaching the intersection at such proximity so that he could determine whether his entry into the intersection would constitute an immediate hazard. He could only exercise this care by a lookout. It is no answer to this duty to say that he looked but failed to see the government truck, which admittedly was there.

■ One may not claim the right to recover, because he has looked and did not see, if the conditions are such that had he looked he must have seen.

■ The undisputed evidence in the case is that from the point on Valley Station Road where plaintiff Creal stopped his car, he had a clear, unobstructed view of the Dixie Highway, both north and south. Nashville C. & St. L. Railway Company v. Stagner, 305 Ky. 717, 205 S. W.2d 493; Huber & Huber Motor Express, Inc., v. Croley, 303 Ky. 101, 196 S.W.2d 965; Mullen v. Coleman, 297 Ky. 351, 179 S.W.2d 600; Detroit, T. & I. R. Company v. Yeley, 6 Cir., 165 F.2d 375.

Plaintiff Frank Creal was negligent in entering the intersection and thereby creating the hazard of a collision between his car and the government truck. But for the negligence on the part of Creal, the collision would not have occurred. He is precluded, by his contributory negligence, from recovering in this action.

■ IV. The negligence of the plaintiff Frank Creal is not attributable to Ethel Creal, nor to the infant plaintiffs, Carol Dean Creal and Delbert Creal. Big Sandy Bus Line v. Williams, 246 Ky. 758, 56 S.W.2d 346; L. & N. R. R. Co. v. Scott's Adm'r, 184 Ky. 319; McFarland v. Brueening, 299 Ky. 267, 185 S.W.2d 247; Cox's Adm'r, v. Cincinnati & O. T. P. R. Company, 238 Ky. 312, 314, 37 S.W.2d 859.

V. The plaintiff Ethel Creal is awarded a recovery of $3,150; the plaintiff Carol Dean Creal, $2,072. and the plaintiff Delbert Creal, $100.

Judgment in accordance with these findings may be submitted.