### LACKEY v. GULF, C. & S. F. RY. CO.

### No. 9831.

Court of Civil Appeals of Texas. Austin.

Dec. 7, 1949.

Smith & Lear, San Angelo, B. W. Smith, San Angelo, for appellant.

Wigley, McLeod, Mills & Shirley, Galveston, L. B. Harris, San Angelo, Lewis Jeffrey, Amarillo, Lewis Jeffrey, Amarillo, for appellee.

HUGHES, Justice.

J. C. Lackey, appellant, sued the Gulf, Colorado & Santa Fe Railroad Company, appellee, for damages for personal injuries received by him in a collision between an engine of appellee's and a truck operated by appellant.

The trial court, when appellant rested, granted appellee's motion to withdraw the case from the jury and render judgment in its behalf.

The propriety of this action is the only question before us. The answer necessarily entails a discussion of the pleadings and evidence.

The collision occurred about 3:30 p. m., October 7, 1948, at the Magdalen Street railway crossing, between 4th and 5th Streets, in the City of San Angelo, Tom Green County, Texas. Magdalen Street runs north and south and 4th and 5th Streets run east and west, as do the railway tracks. There are three tracks at the crossing. The engine was on the center or main track at the time of the collision.

Appellant was driving a 1948 G.M.C. 6-wheel truck with a 4-wheel trailer attached. The truck was equipped with hydraulic brakes and the trailer with vacuum brakes, all in good condition. The truck and trailer had an overall length of 34 feet.

Appellant approached the scene of the collision in this manner: He was driving east on 5th Street; upon reaching Magdalen Street he stopped and then very slowly made a right turn onto Magdalen Street. The exact distance between the inside curbing where appellant made this turn and the railway tracks is not shown, but appellant testified that his trailer had not fallen into line behind his truck when the front of the truck reached the tracks on the main line where the impact occurred.

The engine which struck the truck came from the west. Appellant first saw it when it was 40 or 50 feet away. He turned the truck to the left (east) and a second or so later was hit. The engine traveled approximately 120 feet before it came to a stop.

Appellant charged the railroad with the following specific acts of negligence: (1) leaving box cars on the first track which obstructed the view to the west; (2) operating the engine at a rate of more than 15 miles per hour, in violation of a city ordinance, or operating it at such a rate of speed as to be negligent under the circumstances; (3) failure to ring a bell or blow a whistle on the engine at the time of or immediately prior to the collision, all in violation of law; (4) failure of fireman and engineer to keep a proper lookout; (5) failure in avoiding the collision after discovering the peril of appellant.

The only evidence of an obstruction to appellant's view was his testimony that there was a box car or two on the first track and about 300 feet to the west.

The only evidence of the speed of the engine was appellant's statement that it was "running fast."

Appellant testified outright that the bell was not ringing and the whistle was not blowing.

The only evidence of discovered peril or failure to keep a proper lookout is that which may be inferred from the facts stated above.

■ Appellee pleaded various acts of contributory negligence on the part of appellant as a proximate cause of the collision, injuries and damage, including the allegation that appellant "was guilty of negligence as a matter of law, in that he violated Section 86(d) of the aforesaid statute (6701d, V.A.C.S.), which requires any person driving a vehicle on approaching a railroad crossing to stop within fifty feet and not less than fifteen feet from the nearest rail thereof and not thereafter to proceed until he can do so safely, when 'an approaching train is plainly visible and is in hazardous proximity to said crossing,' in that at said time and place defendant's train was plainly visible and was in hazardous proximity to such crossing, and said plaintiff did not stop within said prescribed distance and did not remain stopped until he could proceed with safety."

In our opinion this ground of contributory negligence and its relation to the collision and resultant injuries and damages as a proximate cause thereof was established by the undisputed evidence. This evidence consists of physical facts at the scene of the collision and appellant's own testimony.

The only obstruction to appellent's view when approaching the crossing and looking in the direction the engine came from was a box car or two about 300 feet away. This car, or cars, was on the first track. The engine came on the second or middle track. The exact distance between these two tracks is not shown but the plat in evidence

shows them to be part of the same crossing. The farther apart the tracks were the less the box cars on the first track would obscure the view of an engine approaching from the west on the middle track. Even if the tracks were as close together as operating conditions would permit, appellant's view to the west was entirely unobstructed for 300 feet.

As appellant approached the crossing and when he was some 30 or 40 feet from the first track he looked to the west and saw nothing. With his truck moving slowly and without stopping he proceeded and looked to the east and saw nothing. As the wheels of the truck touched the rails of the middle track he looked west again and saw the engine some 40 or 50 feet away.

When asked why he did not sooner see the engine, appellant replied: "Well, I didn't see it, that is all."

Appellant testified that at the speed he was going when struck by the engine he could have stopped his truck within 6 feet. Appellant was familiar with the crossing, having used it several times a day for the past year or so.

■ We know as a matter of common knowledge that a railway engine is not easily hid or obscured, and that had appellant looked he must have seen the engine.

■ "One may not claim the right to recover, because he has looked and did not see, if the conditions are such that had he looked he must have seen." Creal v. United States, D.C., 84 F.Supp. 249, 252. See also Waring v. Harris, Tex.Civ.App., Austin, 221 S.W.2d 345, Writ Ref.

Our conclusion from the undisputed evidence is that the approaching engine was plainly visible to appellant and was in hazardous proximity to the crossing as appellant approached it, and appellant's failure to stop not less than 15 feet from the nearest rail of the track being used by the engine and his failure to wait until he could safely proceed was a proximate cause of the collision and its consequences.

■ We are also of the opinion that Sub.(d), Sec. 86, Art. 6701d, Vernon's

Ann.Civ.St., is not unconstitutional because of indefiniteness.

The judgment of the trial court is affrmed.

Affirmed.