## DAVIS v. McFARLAND et al.

Court of Appeals of Kentucky.

Feb. 19, 1954.

J. Leonard Davis, Harlan, James C. Helton, Pineville, Robert J. Watson, Middlesboro, for appellant.

Kelly Clore, Pineville, Edward G. Hill and James Sampson, Harlan, for appellees.

SIMS, Chief Justice.

This appeal is from a judgment dismissing plaintiff's petition and defendant's counterclaim. Plaintiff seeks a reversal upon the ground the court erred in instructions to the jury based on defendant's counterclaim. There is no cross-appeal.

On September 13, 1951, about 4:40 P.M., plaintiff was driving his Buick sedan from Harlan to Pineville on Highway 119. He came upon defendant's automobile and followed it down the road at a distance of some 80 feet. These cars were traveling about 30 or 35 miles per hour. While plaintiff was watching the car in front of him, it suddenly came to a stop beside a school bus coming from the opposite direction, which had stopped to pick up passengers. Plaintiff had slowed his speed and was from 15 to 18 feet behind defendant's car when it stopped. Plaintiff testified he could neither pull to the left side of the road because of the presence of the bus, nor to the right shoulder because of iron posts located there. Plaintiff's car ran into the rear of defendant's car.

Plaintiff's petition sought recovery for damage to his car, loss of its use and for personal injuries, in the aggregate sum of $1,815. Defendant denied negligence, alleged contributory negligence on the part of plaintiff and sought damages of $390 on his counterclaim for loss of use and damage to his car. Plaintiff denied all the material allegations contained in the answer and counterclaim and further pleaded contributory negligence of defendant as a defense to his counterclaim, which was denied by defendant.

The verdict reads: "We the jury do agree and find neither the plaintiff nor the defendant should be awarded any damages."

First, plaintiff seeks a reversal because of certain instructions given relative to defendant's measure of damages, to his contributory negligence, to his duty to stop for the stationary school bus and because the instructions given for defendant contained no converse phrase. Patently, it is not nec-

essary for this court to pass upon the correctness of these instructions in view of the fact the jury found against defendant.

When the jury brought in their verdict, plaintiff moved the court to order them to return to their room and find one in conformity with the instructions. He insists the court erred in overruling this motion.

 True, the jury must follow the instructions, right or wrong. Stanley's Instructions to Juries, § 35, p. 51. Franklin County v. Bailey, 250 Ky. 528, 63 S.W.2d 622; Wall v. Van Meter, 311 Ky. 198, 223 S.W.2d 734, 20 A.L.R.2d 272. But the instructions are to be considered as a whole in determining whether the law applicable has been properly covered. Stanley's Instructions to Juries, § 40, p. 55; Bartlett v. Vanover, 260 Ky. 839, 86 S.W.2d 1020; Dixon v. Stringer, 277 Ky. 347, 126 S.W.2d 448. We have held it is not necessary for the judge to give the so-called "dogfall" instruction before the jury is authorized to find for neither party. McFarland v. Bruening, 299 Ky. 267, 185 S.W.2d 247, 260. Reading the instructions as a whole in the instant case, they clearly authorized the jury to find for neither party if they felt the negligence of each party materially contributed to the accident.

 Plaintiff further contends it was error to give instruction D–1, which required defendant to stop for the bus. Plaintiff insists the bus was a commercial rather than a school bus at this time. The question does not concern defendant's right or duty to stop, but whether he gave the statutory warning of his intention to stop. The cars were traveling only 30 or 35 miles per hour, and plaintiff's car was some 15 or 18 feet behind defendant's car when the latter stopped. There is a conflict in the evidence as to whether a "stop" signal was flashed on the rear of defendant's car as it was brought to a stop. In these circumstances, the instruction could not have been prejudicial to plaintiff.

The judgment is affirmed.