## CAPDEVIELLE v. AMERICAN COMMERCIAL ALCOHOL CORPORATION et al.

District Court, S. D. New York.

May 20, 1940.

David Lee Cotton, of New York City, for plaintiff.

Stewart M. Seymour, of New York City, for defendants.

LEIBELL, District Judge.

Defendants move (a) to dismiss the amended complaint on the ground (1) that it is not a short and plain statement of a claim in accordance with Rule 8 (a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c and (2) that it contains a great quantity of immaterial, impertinent, scandalous and prejudicial matter; or in the alternative (b) to strike from the complaint certain paragraphs as redundant, immaterial, impertinent and scandalous matter; (c) for judgment dismissing the third cause of action for failure to state a claim upon which relief can be granted; and (d) for a bill of particulars.

Three causes of action are alleged by the plaintiff. The first two are based upon an alleged breach of contract. The first proceeds against the two corporations and the second against the individual defendant in the alternative if the corporations are not liable. The third cause of action is directed solely against the individual defendant. It is a composite of breach of contract, misrepresentation and deceit, and negligence.

Simplicity and clarity of pleading were intended to be achieved by the new rules of civil procedure. The amended complaint herein is a hodge-podge of material and immaterial, relevant and irrelevant matter. Paragraphs 8, 9, 10, 12, 13 and 14 have no place in the pleading. Paragraph 21 should not by reference or otherwise, incorporate in the third cause of action all the allegations of the first and second causes of action. A great many of the allegations of the amended complaint seem to have no bearing upon the issues involved. It is doubtful whether much of the matter set forth would even be admissible as evidence upon the trial.

I am unable to determine the real nature of the claim alleged against the in-

dividual defendant in the third cause of action. It should be re-cast to comply with Rule 8 (a), Federal Rules of Civil Procedure.

■ Under the circumstances, I am of the opinion that the complaint must be dismissed. See, Atwater v. American Coal Corporation[1] (S.D.N.Y.), decided September 30, 1939, by Judge Clancy. The motion to dismiss the amended complaint is granted with leave to the plaintiff to serve a second amended complaint within ten days from the service of an order herein. The other parts of defendants' motion need not be considered. Submit order on notice.