UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.

v.

Drew J. CANALE and Helen McAdams Canale, Appellees.

No. 13390.

United States Court of Appeals Sixth Circuit.

July 15, 1958.

Robert L. Green, and Charles L. Neely, Memphis, Tenn. (O. W. Wells, Memphis, Tenn., on the brief), for appellant.

John R. Gilliland, Memphis, Tenn. (William G. Boone, Jr., of Canale, Glankler, Montedonico, Boone & Loch, Memphis, Tenn., on the brief), for appellees.

Before SIMONS, Chief Judge, and MILLER and STEWART, Circuit Judges.

STEWART, Circuit Judge.

This is an appeal from a judgment entered upon a jury verdict in favor of the appellees in their action against the appellant insurance company. The action was grounded upon the appellant's alleged bad faith in failing to settle a third person's tort claim against the appellees for an amount within the combined limits of their liability insurance policies. It is contended on behalf of the appellant that the evidence was insufficient to justify submission of the case to the jury, and that the district court was therefore in error in failing to grant its motion for a directed verdict. An alternative contention is that the district court committed prejudicial error in refusing to give the jury certain requested instructions, and that a new trial should accordingly be granted. The controlling law is that of Tennessee.

On October 8, 1954, while the appellee Helen Canale, then Helen McAdams, was driving a car owned by the appellee Drew Canale near Krueger, Mississippi, a collision occurred with another car which resulted in severe personal injuries to its driver, J. K. Jones. Each appellee was the owner of an automobile liability policy issued by the appellant, providing a limit of $10,000 for a single personal injury. Helen McAdams' policy contained a provision excluding coverage for liability incurred while she was driving a vehicle furnished by another for her "regular use." Both policies contained provisions giving the appellant exclusive control over investigation and settlement of all claims against the insured.

On April 15, 1955, Jones brought an action against both appellees in a Mississippi state court asking damages of $70,000 for the personal injuries he had sustained in the collision. The case was tried in October, 1955, and resulted in a judgment against both appellees for $35,000, which was later sustained on appeal by the Supreme Court of Mississippi.

The appellant denied liability on Helen McAdams' policy upon the ground that the automobile she was driving at the time of the collision was one which had been furnished by another for her "regular use," and therefore limited its contribution to the $10,000 provided by the Drew Canale policy. Helen McAdams then brought a declaratory judgment action against the appellant to determine her rights under her policy. Before trial of that action a settlement was reached whereby $10,000, the full limit of the McAdams policy, was credited against Jones' judgment.

The present action was then instituted upon the ground that the appellant could have settled Jones' claim against the appellees before the conclusion of the Mississippi trial for less than $20,000, an amount within the combined limits of the Canale and McAdams policies, and that

the appellant had been guilty of a bad faith disregard of the appellees' interests in failing to negotiate such a settlement. The complaint also alleged that in denying its liability under the McAdams policy the appellant had been guilty of bad faith. In an amendment to the complaint it was further alleged that by failing to inform the appellees of its decision to deny liability under the McAdams policy until the trial of the Mississippi lawsuit, the appellant was estopped to deny the coverage of that policy. The appellant denied all allegations of bad faith, alleged that its decision to deny its liability on the McAdams policy was an ordinary business judgment, and that timely notice of this decision had been communicated to Helen McAdams or her counsel. Upon the issues thus framed the case was tried.

Viewing the evidence in its entirety, and in the light most favorable to the appellees, we cannot hold that it was error to deny the appellant's motion for a directed verdict. There was substantial evidence to support a finding that the Jones claim against the appellees could have been settled for $17,500. Jones' willingness to settle for this amount became known during the progress of the Mississippi trial. Though the appellant's agents did not actively participate in the settlement conferences, it could reasonably be inferred that they had full knowledge of this opportunity for settlement, and that their failure to take part in the negotiations was attributable to the appellant's denial of all liability under the McAdams policy.

There was sufficient evidence to support a finding that at the time of the Mississippi trial the appellant was guilty of bad faith in not acknowledging liability under the McAdams policy. The jury were properly instructed as to the meaning of the term "regular use" in the exclusion clause of that policy, and they could properly have found that the appellant's reliance on the exclusion was beyond the permissible limits of business judgment. Alternatively, the evidence was sufficient to support a finding that

the appellant had in any event failed to give timely notice of its decision to deny liability under the McAdams policy, that its failure had misled Helen McAdams to her detriment, and that the appellant was therefore estopped at the time of the settlement negotiations from asserting the "regular use" exclusion.

Upon the whole case the jury could properly have found that the appellant was clearly obligated under both the Canale and McAdams policies, that an opportunity for settlement within the combined limits had been made known to its agents, and that its failure to make the settlement was a bad faith disregard of the appellees' interests. Under the substantive law of Tennessee, such findings would make the appellant liable for the appellees' resulting damages. Aycock Hosiery Mills v. Maryland Casualty Co., 1928, 157 Tenn. 559, 11 S.W.2d 889; Tennessee Farmers Mutual Ins. Co. v. Hammond, Tenn.App.1957, 306 S.W.2d 13; Southern Fire & Casualty Co. v. Norris, 1952, 35 Tenn.App. 657, 250 S.W.2d 785; Vanderbilt University v. Hartford Acc. & Indem. Co., D.C.M.D. Tenn.1952, 109 F.Supp. 565, affirmed 6 Cir., 1954, 218 F.2d 818; Roberts v. American Fire & Casualty Co., D.C.M.D. Tenn.1950, 89 F.Supp. 827, affirmed 6 Cir., 1951, 186 F.2d 921; see Noshey v. American Automobile Ins. Co., 6 Cir., 1934, 68 F.2d 808, and cases cited in 40 A.L.R.2d 168, at 196.

The law of Tennessee did not impose upon the appellant a duty to settle the Jones claim merely because a settlement could have been reached within the policy limits. If the appellant's failure to negotiate a settlement was the result of a reasonable business judgment made after weighing the appellees' interests as well as its own, then no liability would ensue even if the decision not to settle turned out by hindsight to have been quite wrong.

In determining whether the appellant was guilty of bad faith or merely of bad business judgment in this case, the jury were entitled to consider the

fact that the serious nature of Jones' injuries had been made known to the appellant as a result of a medical examination conducted at its request, and that the appellant knew that the rule of comparative negligence followed in Mississippi made an adverse jury verdict in Jones' action against the appellees extremely probable. See Tennessee Farmers Mutual Ins. Co. v. Hammond; Southern Fire & Casualty Co. v. Norris; Roberts v. American Fire & Casualty Co.; Vanderbilt University v. Hartford Acc. & Indem. Co., all supra. These factors, together with evidence of the appellant's ambiguous conduct in dealing with the appellees with respect to the McAdams policy prior to the Mississippi trial, made the appellant's true motive in refusing to negotiate a settlement a fact to be determined by the jury.

There was no prejudicial error in the district judge's refusal to give the special instructions requested by counsel for the appellant. The requested instruction to the effect that notice to the appellees' counsel would constitute notice to the appellees was a correct statement of the law. But, although not adopting the specific wording of this requested instruction, the trial judge made clear throughout the charge that if the appellees' counsel were notified of the appellant's decision to deny coverage under the McAdams policy, this would be tantamount to notifying the appellees themselves. Similarly, the requested instruction relating to the appellant's right to deny coverage under the McAdams policy if there was a reasonable basis for controversy as to its applicability was substantially incorporated in the general charge.

The final controverted instruction, to the effect that the costs of appealing the Mississippi judgment would be recoverable only if it could be shown that the results in the trial court would have been materially altered, was inapplicable to the issues in this case and was properly denied. The charge as a whole "gave appropriate and proper instructions upon applicable law in such fashion as would be unmistakably understood by the jury." Louisville & Nashville Railroad Co. v. Farmer, 6 Cir., 1955, 220 F.2d 90, 98.

The judgment of the district court is affirmed.