**Luell HOLLAR, d/b/a Hollar Truck Lines et al., Appellants,**

**v.**

**T. G. HARRISON et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 27, 1959.

John W. Coomes, New Castle, for appellants.

Thomas & Thomas, New Castle, for appellees.

CLAY, Commissioner.

Defendant appellants have made a motion for appeal from a judgment awarding appellee plaintiffs approximately $1,400 for personal injuries and property damage arising out of an automobile accident. Defendants contend they were entitled to a directed verdict and a judgment notwithstanding the verdict, on the ground that plaintiffs failed to prove defendants' negligence, and the cause of the accident was the negligence of the driver of plaintiffs' car.

Mrs. Harrison, accompanied by her husband, was driving his automobile in a southerly direction on Highway 421. A large tractor-trailer truck, owned by defendant Hollar and operated by his agent Quisenberry, was approaching from the opposite direction. Mrs. Harrison stopped her car on the right hand side of the road, opposite the home of her father-in-law on the left. She had planned to pull up in front of the house (off the pavement on the left), but as there was another vehicle there, she decided to turn into the driveway. Before making this turn neither she nor her husband looked to see if any vehicle was approaching. When she had turned into the middle of the road, she looked up and for the first time observed defendant's truck about 40 feet away. She attempted to beat the truck across the road, but was unsuccessful.

There was no evidence of excessive speed on the part of the truck (assuming speed to be material on these facts, which is doubtful), and the photographs taken immediately after the accident showed by tire marks that the truck was on its right side of the road, and that the driver had applied his brakes and pulled to the right when the emergency was created. Mrs. Harrison testified that there was nothing to keep her from seeing the truck (had she looked) for a distance of 75 to 100 yards, and she further testified that if she had seen the truck she would not have started to make her turn.

KRS 189.380(1) provides in part:

"No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety * * *."

In addition, the driver must give an appropriate signal. Mrs. Harrison belatedly

testified that she had turned on her directional signal.

■ In Smith v. Sizemore, Ky., 300 S.W.2d 225, which is decisive of this case, we pointed out that the driver of a vehicle approaching from the opposite direction has a right to rely on compliance with both of these duties. The vehicle proceeding in a straight course has the right-of-way.

■ When the driver of defendant's truck observed the plaintiffs' car stopped on his left hand side of the road (whether or not the turning signal was flashing), he had a right to assume that the vehicle would not be abruptly driven across in front of him since obviously this could not be done with reasonable safety. We are unable to find in this record any duty defendant's driver owed to the plaintiffs which he negligently failed to perform.

It is likewise clear from this record that the principal cause of this accident was the failure of Mrs. Harrison to look straight down the road ahead of her to ascertain whether or not an approaching vehicle would prevent her making the turn with reasonable safety. She deliberately drove in front of the oncoming truck. We do not believe reasonable minds could conclude that this was the fault of the truck driver.

A verdict should have been directed for defendants.

The motion for appeal is sustained and the judgment is reversed with directions to enter judgment for the defendants.