Gay **MARCUM** et al., Plaintiff-Appellant,

v.

**UNITED STATES** of America, Defendant-Appellee.

No. 15218.

United States Court of Appeals
Sixth Circuit.

Nov. 26, 1963.

---

788

B. C. Green, Owensboro, Ky., for plaintiff-appellant.

Edward Berlin, Department of Justice, Washington, D. C., John W. Douglas, Acting Asst. Atty. Gen., Sherman L. Cohn, Department of Justice, Washington, D. C., William E. Scent, U. S. Atty., Louisville, Ky., on brief, for defendant-appellee.

John B. Anderson, Owensboro, Ky., on brief, for third-party defendant-appellee.

Before O'SULLIVAN, Circuit Judge, and KENT and WILSON, District Judges.

KENT, District Judge.

This is an appeal from a judgment wherein the district court dismissed the plaintiffs' action after a trial on the merits without a jury. The action is based on the Federal Tort Claims Act, Title 28 U.S.C. § 1346(a) (b), and Title 28 U.S.C. § 2674.

■ Basically, the appeal is a challenge to the findings of fact in the lower court. *Rule 52(a)* of the Federal Rules of Civil Procedure, (Title 28, U.S.C. Rule 52) provides:

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment *shall be entered pursuant* to *Rule 58*; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)."

Under the rule cited the findings of fact by the trial court must be accepted unless clearly erroneous. United States v. Oregon State Medical Society, 343 U.S. 326, 72 S.Ct. 690, 96 L.Ed. 978 (1952); McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20 (1954).

The record shows that the employee, Ernest B. Bell, was employed as a tempo-

rary employee of the United States Geological Survey, which had employed him on an hourly basis as a carpenter and foreman on three steam gauge construction jobs on Kentucky rivers. On the date of the accident, November 4, 1959, Bell was working at a location approximately 70 miles from his home at Calhoun, Kentucky. On that date Bell went to work at 7:00 A.M. and worked until noon. At noon it was raining, work was terminated and the crew was sent home. Bell did not commute daily, it was his normal custom to return home only on weekends, remaining in the vicinity of the job during the week. He had been home on Tuesday, November 3, to vote. He intended to return home the following weekend to spend the weekend at home.

There is no question about Bell's negligence being a proximate cause of the accident which gave rise to this lawsuit.

The issue before this court is whether the district court was correct when it concluded that Bell was not an agent of the Government of the United States, acting within the scope of his employment in such manner as to form a master/servant relationship at the time of the collision in question.

The evidence showed, and the District Judge found, that Bell was employed as a carpenter and foreman. Incidental to the performance of these duties, on occasions and at the request of his foreman, Bell used his truck to pick up supplies from warehouses and suppliers in the immediate vicinity of the job in question. On three or four occasions he made longer trips at the specific request of his supervisor for the purpose of obtaining supplies to be used on the job. He did not submit any bill for the use of his truck, he was paid for his time and at the conclusion of his previous jobs had been given $30.00 to reimburse him for the use of his truck.

Prior to November 4, 1959, there had been a discussion between Bell and his supervisor relative to the use of a steel cable in connection with certain of the work which was being done. There was a dispute in the testimony as to whether Bell had been requested to obtain a steel cable from his home at Calhoun to be used on the job on which he was working in November, 1959. The cable was owned by Bell and his brother. The foreman testified that he had not authorized Bell to secure the cable and further testified that a cable was available in a government warehouse much closer to the job than Calhoun, Kentucky, if such cable was needed for the performance of the work in question.

The accident in question occurred in the vicinity of Calhoun, Kentucky. Admittedly, Bell had a further and perhaps more compelling reason for going to Calhoun on the day in question. As a carpenter it was his duty to furnish his own tools. He had left his tools in Calhoun when he returned to the job site on Monday, November 2, or Tuesday, November 3. One of the reasons for going to Calhoun on November 4 was to secure these tools. He claimed that he also intended to secure the cable. It would not have been necessary to have the cable for use on the job site, if a cable was to be used, until the following Monday at the earliest.

■■ It is conceded by counsel that Kentucky law is determinative of the issue of the application of the doctrine of respondeat superior to this situation. Where there is a question as to whether the employee was a servant at the time of the occurrence in issue the test inquires as to whether or not the master's work was being done. Keck's Adm'r v. Louisville Gas and Electric Co., 179 Ky. 314, 200 S.W. 452, L.R.A.1918C, 654 (1918); Greene v. Pennington, 270 Ky. 28, 108 S.W.2d 1013 (1937); Warfield Natural Gas Co. v. Ward, 254 Ky. 754, 72 S.W.2d 464, 465 (1934). A similar way of applying this test is a determination of whether the work being done was within the scope of the employment. Fleischmann Co. v. Howe, 213 Ky. 110, 280 S.W. 496 (1926); Wood v. Southeastern Greyhound Lines, 302 Ky. 110, 194 S.W.2d 81 (1946), and where there is an acknowledged arrangement between the alleged master and servant there may neverthe-

less be a question regarding the relationship; i. e., the alleged servant may be an independent contractor rather than a servant in connection with the occurrence in question. Under Kentucky law the test for such determination is a test of control, that is, whether or not the master has the right to control the details of the work. Sam Horne Motor and Implement Company v. Gregg, Ky., 279 S.W.2d 755 (1955); Corbin Fruit Co. v. Decker, 252 Ky. 766, 68 S.W.2d 434 (1934).

The application of this doctrine regarding master/servant relationship was reviewed in Clark's Ex'x v. Weir, 252 Ky. 560, 67 S.W.2d 962 (1934). At page 964 of 67 S.W.2d the Kentucky court stated:

"Where a servant is not doing the work for which he was employed, expressly or impliedly, his act cannot be regarded as the act of the master, and where an agent is not acting within the scope of his agency he is a stranger to his principal. Brooks v. Gray-Von Allmen Sanitary Milk Company, 211 Ky. 462, 277 S. W. 816, 46 A.L.R. 1207.

"In Louisville Lozier Company v. Sallee, 167 Ky. 499, 180 S.W. 841, the president and majority stockholder of an automobile corporation, while using the company's car for a pleasure drive, permitted his companion to drive it and she negligently injured another while so doing. It was held that the corporation was not chargeable with the negligence, as the use of the machine was for social purposes of the president even though his companions were regarded as probable purchasers of the machine.

"This principle was more closely applied in Roselle v. Bingham, 242 Ky. 496, 46 S.W.(2d) 784, where a butler, while going to the city in his own automobile to attend to his personal affairs, took his master's tennis racket and trousers for repairs as a favor to the master. While on this journey the butler struck and injured a third person. It was held that the master was not responsible."

See also Greene v. Pennington, 270 Ky. 28, 108 S.W.2d 1013 (1937), and Wood v. Southeastern Greyhound Lines, 302 Ky. 110, 194 S.W.2d 81 (1946).

An examination of the Kentucky law forces one to the conclusion that the determinative factors are (1) whose work is being done, and (2) did the master have control, actual or implied, over the performance of the work.

■ The District Judge found that Bell was an employee of the Government, but that he was acting as an independent contractor when on his way to Calhoun at the time the accident occurred. He found that any services performed by Bell which required the use of his truck were independent of his regular duty as a carpenter/foreman except on certain occasions when Bell was making trips at the specific request of his supervisor. The District Judge found that Bell was responsible to the Government, on other occasions when he used his truck, only as to the result to be achieved, which was to be certain that required supplies were available *when needed* on the job. He found further that the Government had "no right of control" as to the details of delivery.

Under the cases cited "right of control" is of major importance in determining whether or not the one person is the employer of another at the time of a specific occurrence. The District Judge might well have found, based upon the evidence presented on the trial, that Bell was not acting within the scope of his employment, that he had not been requested or instructed to obtain the cable in question, that in fact, the cable was available from a Government warehouse at a much closer distance. The District Judge concluded:

"Since the 'right of control' did not exist at the time of the accident, and considering all the other circumstances, the Government cannot be required to respond in damages in this action."

We are satisfied that the findings of fact as set forth in the memorandum opinion of the District Judge are not clearly erroneous, Rule 52(a) Federal Rules of Civil Procedure. The court's conclusions of law are correctly based upon the applicable Kentucky law. The judgment is affirmed.