40849, 40850. COTTON STATES MUTUAL INSURANCE
COMPANY v. PHILLIPS; and vice versa.

DECIDED OCTOBER 21, 1964—REHEARING DENIED
NOVEMBER 3, 1964.

*Hull, Willingham, Towill & Norman, Walter A. Reiser, Jr.,* for plaintiff in error.

*William C. Calhoun,* contra.

FELTON, Chief Judge. ■ The court erred in overruling the general demurrer to count 1 of the petition for the reason that it was not alleged as a fact that the judgments against the insured could have been settled with the plaintiffs in execution for an amount within the limits of the policy plus an amount to be provided by the insured. The only thing that touches on this matter is the statement in a letter, attached to the petition, from the insured to the insurance company, to the effect that the judgments could be settled in the manner above stated. This is not an allegation of the necessary fact. It is only an allegation that insured stated to the insurance company that it was a fact. *Horton v. Johnson,* 187 Ga. 9 (3) (199 SE 226).

■ The foregoing ruling rendered all further proceedings nugatory but, since the case may be tried again, it is necessary to pass on two additional questions raised on this appeal. The first is whether under the first count the insured can recover the full face of the judgment against the insurer because of bad faith in refusing to settle, and also, for the same reason, be entitled to damages and attorney's fees under *Code Ann.* § 56-1206. In our view, if the insurance company in bad faith refused to settle the judgments, which exceeded the limits of the policy, for an amount within the limits of the policy plus an additional amount provided by the insured, the insurance company would be liable for the full amount of the judgments. We do not think, however, that the insurance company would be liable for statutory damages and attorney's fees for bad faith in refusing

to settle. *Code Ann.* § 56-1206 (Ga. L. 1960, pp. 289, 502; 1962, p. 712) does not provide for damages for a refusal to settle but only for failure to pay a loss covered by a policy. The charge authorizing the recovery of damages and attorney's fees for bad faith in refusing to settle, under count 1, was error.

■ The court did not err in charging the jury that the insurance company was charged with the duty to exercise ordinary care in investigating a case in the determination of whether to defend it or settle it. This charge was not error as it stated a correct principle of law. It did not by itself negative the proposition that bad faith was required to subject the insurance company to liability under the first count.

■ The defendant in error filed a cross bill of exceptions, seeking to dismiss the plaintiff in error's bill of exceptions on the ground that the brief of evidence was not filed in accordance with the court's order of November 21, 1963, which provided, in part, as follows: "It is further ordered that the movant have until the hearing, whenever it may be, *to prepare and present for approval* a brief of the evidence of said case, and the presiding judge may enter his approval thereon at any time, either at term or vacation, and if the hearing of the motion shall be in vacation, and the brief of the evidence has not been filed in the clerk's office before the date of the hearing, said brief of evidence may be filed in the clerk's office at any time within ten days after the motions are heard and determined." (Emphasis supplied.) The hearing on the motions was held on January 16, 1964, and the brief of evidence was filed with the clerk of the court on March 13, 1964. The defendant in error construes the order to require the *filing* of the brief of evidence at or before the time of the hearing, whereas the order requires only its preparation and presentation to the court for approval at that time. It is not alleged that the brief of evidence had not been presented to the court at the time of the hearing as required by the order and it is therefore assumed that, at the time of the hearing, the court had in its possession the brief of evidence, which was necessary in order to determine the issues raised by the motions. Concerning the question whether the brief of evidence was timely filed, regardless of whether the

motions were "heard and *determined*" on the date of the hearing (January 16, 1964) or on the date of the order on the motions (April 15, 1964), the motion to dismiss was properly overruled. If the brief of evidence has been presented in time, the fact that it was not lodged in the clerk's office for filing as required by the order would not cause the dismissal of the motion. *Burton v. State*, 9 Ga. App. 623 (71 SE 1006).

The court erred in overruling the general demurrer to the first count.

*Judgment reversed on the main bill; affirmed on cross bill. Frankum and Pannell, JJ., concur.*