**STATE FARM MUTUAL AUTOMOBILE IN-SURANCE COMPANY, Appellant,**

**v.**

**Gay MARCUM, etc., et al., Appellees.**

Court of Appeals of Kentucky.

March 31, 1967.

Henry V. B. Denzer, Henry A. Triplett, Hogan, Taylor, Denzer & Bennett, Louisville, for appellant.

B. C. Green, Green & Connor, Clarence Bartlett, Woodward, Bartlett & McCarroll, Owensboro, Kenneth Ragland, Calhoun, John D. Miller, Owensboro, for appellees.

STEINFELD, Judge.

Gay Marcum, individually and as administrator of the estate of Ada B. Marcum, his deceased wife, and as administrator of the estate of Stevie Marcum, his deceased son, recovered judgments totaling $54,389.22 in an action against Ernest Earl Bell. State Farm Mutual Automobile Insurance Company, the appellant, was the liability insurance carrier of Bell but the maximum limit of the policy was $20,000.00. After the above judgments were rendered, State Farm paid $20,000.00 into Court. Marcum individually, and in the capacities mentioned, sued State Farm to recover the difference between the amount paid and the total amount of the judgments, on the claim that the insurance company was guilty of bad faith in failing to settle these claims when it had an opportunity to do so. Upon a verdict of a jury, the lower court found in favor of the appellees for the full amount. State Farm appeals.

The original judgments for Marcum were awarded after a determination that Bell was wholly at fault in negligently operating his truck at the time it collided with the automobile owned and operated by Marcum. Riding with Marcum were his wife, Ada, and their infant son, Stevie, both of whom were killed. Other passengers in the car were Teresa Marcum, Dale Henry Marcum and Randy Marcum, young children of Gay Marcum. Teresa was cut on the head and fourteen stitches were required to close the wound. Dale Henry lost three teeth and Randy was "banged up." No action for the three surviving children had been filed at the time this suit was tried. Marcum was injured seriously.

State Farm claims that it was entitled to a directed verdict. It asserts that it acted in good faith; that Marcum and "Bell presented no claim against State Farm" and that they did not prove any act of bad faith on the part of State Farm. The appellant argues that the action was brought under the garnishment statute, KRS 426.381, and that Marcum had no right to proceed under that statute. It also contends that Marcum, in his various capacities, is not an "implied assignee" of Bell, the assured. State Farm argues that even if Marcum had a cause of action it is in tort and that it was incumbent upon him to prove the damages which each claimant sustained and that none were proved.

State Farm also alleges that many prejudicial errors were committed during the trial, among which were improper admission of certain evidence, misconduct of counsel and that erroneous instructions were given.

The first suit was filed in the Federal Court by Marcum in his various capacities against the United States of America under the Federal Tort Claims Act on the theory that Bell, at the time of the accident, was acting as an agent of the United States. The United States filed a third party complaint against State Farm alleging that it insured Bell. The district court dismissed upon a finding that Bell was not acting as agent for the government. Marcum, et al. v. United States of America, (D.C.Ky.) 208 F.Supp. 929. That decision was affirmed. Marcum, et al. v. United States of America, (CA 6) 324 F.2d 787, 789.

The second action was in the Ohio Circuit Court wherein Marcum, individually and as administrator of the estate of his wife and son, demanded damages in the amount of $15,000.00 for himself, $200,000.00 for his wife's estate and $70,000.00 for his son's estate. State Farm notified Bell that the claims exceeded the policy limits and that he should employ his own attorney if he desired to do so. Bell did not employ his own attorney until after Marcum sued State Farm. Bell, through the attorney supplied by State Farm, answered denying that he was negligent and alleging that the accident resulted from the sole or contributory negligence of Marcum and he counterclaimed for the damage to his truck. At the conclusion of the evidence, but over Bell's objection, the court directed that the jury enter verdicts against him for Marcum in his various capacities. It found for Marcum individually $10,000.00, for the estate of Ada Marcum $31,075.00 and for the estate of Stevie Marcum $13,314.22, a total of $54,389.22. The court did not submit to the jury the claim for punitive damages. A motion for a new trial was filed but was overruled. Judgments were entered pursuant to that verdict but no appeal was taken.

State Farm paid into the registry of the circuit court $20,000.00 and moved that an order be entered "adjudging that it has complied with the terms of its insurance policy covering * * * Bell, and that it is now released from any and all liability by the payment into Court of the sum of $20,000.00". Executions were issued to the sheriff, who promptly returned each one with the notation "no property found." Marcum filed an "Amended and Supplemental Complaint, and Response to Motion

of State Farm * * *". An order of distribution was entered directing that the $20,000.00 be distributed to apply on the adjudged claims but that it be without prejudice to the rights of Marcum to seek recovery from State Farm and its insured, Bell, the balance of the judgments rendered and without prejudice to State Farm to contest any further liability. State Farm claims that its liability has been satisfied.

The proceedings came to trial on the amended and supplemental complaint and the other pleading which we will discuss. After hearing evidence on the issues presented the jury found against State Farm in the amount of $34,389.22.

State Farm moved for a judgment notwithstanding the verdict or alternatively for a new trial. These motions were not sustained. The court entered judgment that Marcum individually, and as administrator of the two estates and Bell recover from State Farm $34,389.22, interest and costs.

One of the contentions for reversal is that Marcum, in his various capacities as a judgment creditor of Bell who was insured by State Farm, had no right to bring this action under KRS 426.381. Marcum's theory is that as a creditor of Bell he is attempting to subject an indebtedness owing from State Farm to Bell. That statute provides that after the return of an execution by the proper officer, showing that no property was found to satisfy the execution, the execution plaintiff, "may by an amended and supplemental petition filed in the action have the same re-docketed and join with the execution defendant or defendants any person believed to be indebted to him or them, or to hold money or other property in which he or they have any interest, or to hold evidences or securities for the same." The statute also authorizes that the property be "subjected to the satisfaction of the judgment."

Marcum's amended and supplemental complaint followed a form of pleading long outmoded. He completely ignored CR 8.01 which directs that "A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which he deems himself entitled." The pleading Marcum filed is subject to that rule. Fact after fact was stated until 10½ pages of typing had been used to charge that the insurance company had not acted in good faith and was indebted to Bell and Marcum. This type of pleading has been condemned. Capdevielle v. American Commercial Alcohol Corp., D.C.N.Y., 1 F.R.D. 365; 6 Kentucky Practice, Clay 127, 132.

CR 41.02 provides that "for failure of the plaintiff * * * to comply with these rules * * * a defendant may move for dismissal of an action or of any claim against him." Bell and State Farm jointly moved to dismiss but restricted that motion to the alleged failure of Marcum to state a claim against the defendant; therefore, the violation of CR 8.01 was not raised.

Among other things Marcum alleged:

"* * * defendant insurance company contracted and agreed to defend said Ernest Earl Bell from all claims and demands arising out of the operation of a pickup truck involved in said accident, and providing that it, the insurance company, would have exclusive control of the handling of any claim that might arise under said policy and prohibiting said Bell from making settlement or otherwise compromise or adjust any claims that should be made against him for any act done or omitted to be done in the purview of said policy of liability insurance issued as aforesaid."

"Said insurance company refused to settle said claims or to negotiate a reasonable settlement thereof at a time when it knew that should judgments be rendered in said action that they probably would be far in excess of said policy coverage

and, therefore, violated the terms and provisions of said policy of insurance, in that it gave no consideration to the welfare of its insured, Ernest Earl Bell, but took into account its own selfish interest in failing and refusing to thus settle said claims as it could have done as aforesaid and, therefore, failed to act in good faith as the insurer of said Ernest Earl Bell, which resulted in said verdict and judgment against said Ernest Earl Bell far in excess of said insurance coverage provided in said policy, and said loss to said Bell was a direct and proximate result of said acts and conduct of bad faith of and on the part of the defendant, State Farm Mutual Automobile Insurance Company, * * *"

"Thus * * * insurance company is * * * indebted to Bell in * * * amount of $54,389.22, an indebtedness * * * within the meaning * * * of KRS 426.381."

" * * * as such third party beneficiary and real party in interest, plaintiffs have the right to prosecute this claim against the * * * insurance company * * *".

" * * * they are subrogated to the rights of Bell to require * * * insurance company to make full payment of said judgment, * * *".

The claim against the insurer was predicated both on the failure of the insurance company to fulfill its obligations of the policy and upon bad faith.

Marcum sought personal "judgment against said State Farm Mutual Automobile Insurance Company in the full amount of said judgments, to wit, $54,389.22 and their costs expended * * *" and for discovery.

Bell, for the first time employed his own counsel who moved that the action be dismissed because the "Amended and Supplemental Complaint did not state a claim against Bell." This motion was overruled and Bell was given thirty days within which to answer. His answer was filed and again he demanded that the action be dismissed, but this demand was never ruled on.

█ The trial court overruled the motion of State Farm to dismiss. Meanwhile, depositions were taken and various motions were made not germane to the issues now before this court. A pretrial hearing was conducted. With leave of Court granted over objection of State Farm, Bell filed an amended answer. Stewart v. Burks, Ky., 384 S.W.2d 316.

It was discretionary with the court below to permit the filing of the amendment and it was not error to overrule an objection to its being filed. CR 15.01. Kentucky Home Mut. Life Ins. Co. v. Hardin, 277 Ky. 565, 126 S.W.2d 427; and Bradford v. Billington, Ky., 299 S.W.2d 601.

Bell admitted the allegations of Marcum's pleadings and demanded "that judgment be granted to the plaintiffs against the defendant State Farm * * *" for the amount claimed and "that he and his estate be relieved of any and all liability on account of the judgment of $54,389.22 previously rendered against him * * *". CR 13.07; CR 18.01; CR 20.01. Stewart v. Burks, supra.

The action then proceeded to trial with Marcum and Bell joining in their effort to recover, to the end that State Farm be required to satisfy the balance of the judgment.

Marcum and Bell, to hold State Farm liable, rely on a provision in the policy which obligates State Farm "to defend any suit against the insured alleging such bodily injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent, but the company may make such investigation; negotiation and settlement of any claim or suit as it deems expedient; * * *".

State Farm denies that it failed to fulfill its obligations under the terms of the policy. It interposes certain defenses which we discuss herein.

State Farm claims that the procedure is incorrect and relies upon Wittenauer v. Kaelin, 228 Ky. 679, 15 S.W.2d 461. The facts in that litigation were entirely different from those which exist herein. It is not applicable.

Appellant cites 7 Am.Jur.2d 491, 492, Automobile Insurance, but that text refers to a garnishment on an unliquidated claim. Here we have liquidated claims and no garnishment.

■ It is contended that Marcum had no cause of action against State Farm. We are referred to Tabben v. Ohio Casualty Ins. Co., D.C.Ky., 250 F.Supp. 853. In Tabben the judgment debtor was adjudicated a bankrupt without assigning his rights to the creditor. It was there held that since " * * * the creditor has no such cause of action in his own right, * * * " recovery was denied. Tabben is not analogous for here the insured is claiming against State Farm.

Whether the amended complaint stated a cause of action on behalf of Marcum against State Farm, we need not decide because the action was pending when Bell asserted a valid cause of action based on "bad faith".

"It is well established in Kentucky that a liability insurer which exercises bad faith in refusing to settle a claim against its insured within the policy limits may become liable to the insured for amounts in excess of the policy limits. Lemons v. State Auto Mut. Ins., Co., 171 F.Supp. 92 (E.D.Ky.1959); Harrod v. Meridian Mut. Ins. Co., 389 S.W.2d 74 (Ky.1965); American Surety Co. v. J. F. Schneider & Son, 307 S.W.2d 192 (Ky.1957); Georgia Cas. Co. v. Mann, 242 Ky. 447, 46 S.W.2d 777 (1932)." Tabben v. Ohio Casualty Ins. Co., supra.

Appellant claims that Marcum is not an "implied assignee" of Bell and is not subrogated to any rights which Bell did not assert against State Farm. It has been held

that a claim of the type asserted here is transferable Brown v. Guarantee Ins. Co., 155 Cal.App.2d 679, 319 P.2d 69, 66 A.L.R. 2d 1202; Critz v. Farmers Insurance Group, 230 Cal.App.2d 788, 41 Cal.Rptr. 401, 12 A.L.R.3rd 1142. Also see annotation 12 A.L.R.3rd 1158. This question is moot for the reason just expressed.

State Farm argues that Marcum's cause of action is in tort; therefore, it was incumbent upon him to prove the damages alleged, and that he failed to do so. It asserts that Bell was not damaged because he has not paid the judgment. It cites cases from without Kentucky to support this contention.

■ However, we find the great weight of authority is that the entry of a final judgment, rather than satisfaction of it, gives rise to the cause of action. Southern Farm Bureau Casualty Ins. Co. v. Mitchell (CA 8 Ark.) 312 F.2d 485; Lee v. Nationwide Mut. Ins. Co. (CA 4 Md.) 286 F.2d 295; Jessen v. O'Daniel (D.C.Mont.) 210 F.Supp. 317; Alabama Farm Bureau Mut. Casualty Ins. Co. v. Dalrymple, 270 Ala. 119, 116 So.2d 924; Farmers' Ins. Exchange v. Henderson, 82 Ariz. 335, 313 P. 2d 404; Brown v. Guarantee Ins. Co., 155 Cal.App.2d 679, 319 P.2d 69, 66 A.L.R.2d 1202; American Fire & Casualty Co. v. Davis (Fla.App.) 146 So.2d 615; Henke v. Iowa Home Mut. Casualty Co., 250 Iowa 1123, 97 N.W.2d 168; Sweeten v. National Mut. Ins. Co., 233 Md. 52, 194 A.2d 817; Alford v. Textile Ins. Co., 248 N.C. 224, 103 S.E.2d 8, 70 A.L.R.2d 408; Murray v. Mossman, 56 Wash.2d 909, 355 P.2d 985. We adopt the view expressed in those cases and others which we cite herein.

■ If it be found that State Farm did not fulfill its contractual obligation or was guilty of bad faith as claimed, in failing to negotiate and bring about a settlement before judgment, the damage to Bell is apparent. It is the difference between the total amount of the judgments and the limit of the policy. "The normal recovery,

where the insurer's actionable bad faith or negligence is established and an excess judgment is recovered, is the amount for which the insured becomes charged in excess of his policy coverage." 29A Am. Jur. 561; section 1446. Ballard v. Citizens Casualty Co. (CA 7th Ill.) 196 F.2d 96; American Fidelity & Casualty Co. v. G. A. Nichols Co. (CA 10th Okl.) 173 F.2d 830; American Fire & Casualty Co. v. Robert, 186 F.2d 921; Hartford Acc. & Indemn. Co. v. Vanderbilt University, 218 F.2d 818; National Mut. Cas. Co. v. Britt, 203 Okl. 175, 200 P.2d 407, 218 P.2d 1039; Southern Fire & Casualty Co. v. Norris, 35 Tenn. App. 657, 250 S.W.2d 785. See Noshey v. American Auto. Ins. Co. (CA 6th Tenn.) 68 F.2d 808, and other cases cited in 131 A.L.R. 1500.

 In order to determine whether or not the judgment against State Farm shall stand it is necessary that we examine the facts with respect to the accident and related occurrences subsequent thereto. Bell was driving his truck and Marcum was driving his automobile in opposite directions on the same highway. Bell made a left turn directly in front of the Marcum automobile and a collision occurred. The highway was damp and the sky was overcast. Marcum was coming out of a dip immediately before the impact. On one occasion Marcum testified that Bell's truck was approximately 405 feet away from him when he first saw it but on another occasion he testified that it was only 200 feet away. When the collision occurred Marcum was traveling about 40 miles an hour and Bell was going quite slowly. Marcum admitted that he did not apply his brakes until he was within about 20 feet of the point of impact and that had he attempted to stop when he first saw the Bell truck indicating that he was about to make a left turn he would have been able to do so, but did not see any reason to stop.

Marcum also testified that when he looked ahead after he came out of the dip he saw the left turn blinkers of Bell's truck operating to indicate that a left turn would be made, but he did not anticipate that Bell would turn directly in his path. Bell admitted that he did not see the Marcum automobile until just before the impact. Failure to see under the conditions related reveals failure to keep a proper lookout. Potts, et al v. Krey, Ky., 362 S.W.2d 726; Hollar Truck Lines, et al v. Harrison, et al, Ky., 323 S.W.2d 219. The facts make it perfectly clear that Bell was negligent as a matter of law and the trial court so held. Wandling v. Wandling, Ky., 357 S.W.2d 857; Smith v. Sizemore, Ky., 300 S.W.2d 225; Hollar Truck Lines v. Harrison, Ky., 323 S.W.2d 219; Miles v. United States (D.C.Ky.) 205 F.Supp. 728.

Bell's negligence was a proximate cause of the accident. The alleged contributory negligence of Marcum was not imputed to his wife or his children. McCallum v. Harris, Ky., 379 S.W.2d 438; Reed v. Hostetler, Ky., 245 S.W.2d 953; McGuire v. East Kentucky Beverage Co., Ky., 238 S.W.2d 1020 and McFarland v. Bruening, 299 Ky. 267, 185 S.W.2d 247.

In Marcum, et al v. United States of America, supra, the court stated: "There is no question about Bell's negligence being a proximate cause of the accident which gave rise to this lawsuit." The fact that there were strong cases against Bell may be considered on the issue of bad faith. See 40 A.L.R.2d 196–205.

Ada Marcum, the wife of Gay Marcum, was 29 years of age, in good health and the mother of eight children. Stevie, a healthy and normal child, was then eleven months old. The other three children were injured as heretofore stated, although fortunately the injuries were not critical. This case is unusual in that the liability of Bell for the death of the two passengers and the injuries to three more was certain. Liability to Marcum for his injuries was likely. Even disregarding the injuries to the three children and the very serious injuries to Gay Marcum, it should have been obvious to the insurance company that

the judgment would be far in excess of the insurance policy limit of $20,000.00. State Farm was confronted with a dilemma because the claims of the three surviving children were not being asserted. It could have extricated itself by filing an interpleader action, and paying the policy limits into court but none was filed. CR 22. The proof showed that it could have settled the claims in litigation for less than the coverage, and thereby restricted its liability to the policy limits. Augustin v. General Acc. Fire & Life Ins. Corp. (CA 7 Wis.) 283 F.2d 82; Alford v. Textile Ins. Co., 248 N.C. 224, 103 S.E.2d 8, 70 A.L.R.2d 408. These failures, in the unusual circumstances existing in this case, are evidence of bad faith. Comunale v. Traders & Gen'l Ins. Co., 50 Cal.2d 654, 328 P.2d 198, 68 A.L.R.2d 883.

State Farm objected to the introduction of testimony given by Marcum concerning how the accident happened and the injuries he sustained. It contends that the only proof admissible, material or relevant is concerning the evidence introduced and what transpired before and during the trial of the Marcums against Bell. We find no merit whatsoever in this contention. The issue was the claim of bad faith, and the failure of State Farm to fulfill its contractual obligations. The jury could not reach a verdict without being informed of all facts germane to those issues. Vital were the manner in which the accident happened; the injuries sustained and the age, condition of health and relevant facts pertaining to the various claimants; the negotiations with respect to settlement and the verdict reached by the jury in the original trial.

■ There were some negotiations toward a settlement but none was reached. After the decision in the Federal Court the attorney for Marcum offered to settle the two death claims and the personal injury claim of Gay Marcum for a total of $18,500.00. Later, by letter, he offered to settle those claims for $20,000.00. These offers were not accepted although they were not withdrawn. During the trial, but before the verdict, there was an opportunity to settle those three claims for $18,500.00, and while the jury was deliberating, for $20,000.00. At that time State Farm offered to pay $15,000.00 in settlement of all claims including those of the three injured children but never offered more. Being confronted with these very substantial claims based upon a finding by the court that Bell was liable, the refusal to settle the three very substantial claims is sufficient evidence upon which the jury could find a failure of the insurer to properly perform its obligation. Noshey v. American Auto Ins. Co., supra.

■ The insurer, as a professional defender of law suits, is held to a standard higher than that of an unskilled practitioner. 7A Insurance Law and Practice, Appleman, 562 section 4712. While it is an independent contractor (Bratton v. Speaks, Ky., 286 S.W.2d 526) and is not bound to act to the prejudice of its own interest, nevertheless, it must not abuse the power it has to negotiate and make settlements and refuse to settle within the limits of the policy if the damage to the insured is reasonably certain. American Surety Co. of New York v. J. F. Schneider & Son, Inc., Ky., 307 S.W.2d 192. Fidelity and Casualty Co. of New York v. Stewart Dry Goods Company, 208 Ky. 429, 271 S.W. 444, 43 A.L.R. 318. It must not be guilty of fraud or bad faith. Georgia Casualty Co. v. Mann, 242 Ky. 447, 46 S.W.2d 777; Best Building Company, Inc. v. Employers' Liability Assurance Corp., Ltd., et al, 247 N.Y. 451, 160 N.E. 911, 71 A.L.R. 1464.

In Harrod v. Meridian Mutual Ins. Co., Ky., 389 S.W.2d 74, 76 we wrote:

"To support a recovery it was incumbent upon appellant to allege and prove that Meridian's conduct was of such an arbitrary and reprehensible nature as to constitute bad faith. In the case of Spiegel v. Beacon Participations, Inc.,

297 Mass. 398, 416, 8 N.E.2d 895, 907, it was said:

' "Bad faith" is a general and somewhat indefinite term. It has no constricted meaning. It cannot be defined with exactness. It is not simply bad judgment. It is not merely negligence.

It imports a dishonest purpose of some moral obliquity. It implies conscious doing of wrong. It means a breach of a known duty through some motive of interest or ill will. It partakes of the nature of fraud. * * * It means "with actual intent to mislead or deceive another." * * * '

See also Slater v. Motorists Mutual Insurance Company, 174 Ohio St. 148, 187 N.E.2d 45; Johnson v. Hardware Mutual Casualty Co., 108 Vt. 269, 286, 187 A. 788, 796."

It was proper for the court to submit the claims to the jury under appropriate instructions. United States Fidelity & Guaranty Co. v. Canale, (CA 6) 257 F.2d 138; Brown v. United States Fidelity and Guaranty Co., (CA 2) 314 F.2d 675.

▉▉▉▉ The instructions to the jury contained a narration of certain facts. Appellant claims that these instructions "were prejudicially erroneous because they imposed the standards of negligence and prophecy in addition to 'bad faith' * * * ", and contained evidentiary matters favorable to the appellees. The instructions contained certain statements of fact, but these facts were so clearly established that the statements were not prejudicial. There was no instruction as to presumption of law or fact such as we condemned in Pacific Mutual Life Ins. Co. v. Meade, 281 Ky. 36, 134 S.W. 2d 960, 965; Massachusetts Mutual Life Ins. Co. v. Bush, 236 Ky. 400, 33 S.W.2d 351, 353. Lowe v. McMurray, Ky., 412 S. W.2d 571 decided March 10, 1967. No erroneous standards regarding bad faith of any prophecy were imposed. The duty of State Farm was expressed "to exercise good faith in determining whether said offer of settlement should be accepted or rejected; and 'to exercise good faith'." The jury was told that "good faith, * * * required said defendant insurance company to investigate the accident and claims in suit to such an extent that it would be in position to exercise an honest judgment as to their merits and whether the claims should be settled, considering the interests of its insured Bell as well as its own." The duties were correctly stated. Radio Taxi Service, Inc. v. Lincoln Mutual Ins. Co., 31 N.J. 299, 157 A.2d 319; Cotton States Mutual Ins. Co. v. Phillips, 110 Ga.App. 581, 139 S.E.2d 412. The explanation was proper. Insurance Law and Practice, Appleman, Vol. 7A 565.

The jury also was instructed that in order for it to find against State Farm it had to believe that the conduct of State Farm "in negotiating about and failing to settle the plaintiff's claims for the amount of the policy limits was of such an arbitrary and reprehensible nature as to constitute bad faith, meaning conscious doing of wrong, or breaching a known duty through some motive of interest or ill will." The court continued:

"Now if the jury believe that said defendant Insurance Company failed to perform the duties above set out and acted in bad faith within the meaning of these instructions, and shall further believe from the evidence that the facts and circumstances of said accident known to said Insurance Company or could have been known by due diligence on its part were such as to cause said defendant Insurance Company to reasonably conclude and believe that a verdict against said Bell on a trial of the issue of liability was probable and that a verdict and judgment would probably be returned and rendered against the defendant Bell exceeding said policy limits of $20,000.00 you will return a verdict for plaintiffs and the defendant Bell against the defendant, State Farm Mutual Insurance Company in the sum of $34,389.22 but

unless you so believe or if you believe as set out in instruction number 2 you will return a verdict in favor of defendant insurance company."

Instruction number 2 was as follows:

"The court instructs you that if you believe from the evidence that said Insurance Company acted in good faith and not in bad faith within the meaning of the instructions or that the facts and circumstances of said accident known to said Insurance Company or could have been known to it by the exercise of due diligence were not such as to cause said defendant Insurance Company in the exercise of an honest judgment to conclude and believe that a verdict against said Bell upon a trial of the issue of liability was probable and that a verdict and judgment would probably be returned and rendered exceeding the sum of $20,000.00 then the defendant Insurance Company was under no duty to settle said claims and in those events you will return a verdict in favor of the defendant Insurance Company."

The instructions clearly submitted to the jury the issue to be decided. There was evidence of probative value sufficient to support the verdict of $34,389.22 which was not flagrantly against the evidence.

■ We have examined the other contentions of appellant, including the claim that there was misconduct on the part of counsel for Marcum and alleged improper remarks of the trial court. We find that the acts complained of, if erroneous, were not prejudicial.

The judgment is affirmed.

All concur except WILLIAMS, C. J., and HILL, J., who dissent.

WILLIAMS, Chief Justice (dissenting).

I respectfully dissent from the majority opinion for two reasons: First, appellant did not at any time have a bona fide opportunity to settle *all* of the claims which might have been made against it; second, Bell failed to avail himself of the opportunity to employ his own counsel although appellant specifically authorized him to do so. His failure to obtain special counsel was his implied consent for appellant's counsel to represent his personal interest and he cannot now be heard to complain. Furthermore, he never at any time requested the appellant to settle.

HILL, J., joins in this dissent.