William M. HARVIN, Administrator of the Estate of Earl M. Little et al., Appellants,

v.

UNITED STATES FIDELITY & GUARANTY CO. et al., Appellees.

Court of Appeals of Kentucky.

May 24, 1968.

Edward F. Rectenwald, Louisville, for appellants.

Marshall B. Woodson, Jr., Robert L. Durning, Jr., Woodson, Barker & Durning, Louisville, for appellees.

DAVIS, Commissioner.

The issues involved on this appeal arise out of and are related to those dealt with in Haddad v. Harvin, Ky., 428 S.W.2d 209 (this day decided). As shown in the opinion referred to, the verdict and judgment went against Benton R. Jeffries in a multiple claims automobile accident case to the extent of $100,000 in favor of the estate of Dr. Earl M. Little, $100,000 in favor of the estate of Joseph P. David, and $20,000 in favor of the estate of Joan B. Little.

Jeffries had liability insurance with the appellee, United States Fidelity & Guaranty Company, with policy limits as to personal injury of $10,000 for one person, $20,000 for one accident, and property damage limits of $5,000. The administrators of the estates of Dr. and Mrs. Little, as assignees of Benton R. Jeffries, sought recovery of the liability carrier based on their claims that the company had negligently and in bad faith failed to settle the claims of the estates of Dr. and Mrs. Little within the policy limits of liability. The trial court entered a summary judgment denying the claims, and this appeal resulted.

According to the evidentiary showing for appellants, the following factual background is gleaned. While the jury was deliberating its verdict, the attorney representing the estates of Dr. Little and Mrs. Little, both of whom had been killed in the automobile accident, made an offer of settlement to the attorney for Benton R. Jeffries, whereby it was proposed that the two death claims would be settled for total payment of $10,000 and property damages settled for $2,000. At the time of the offer, the unexpended insurance proceeds available under Jeffries' policy were sufficient to meet the demands. (It is to be observed that the attorney for Jeffries' insurance carrier denied that any such offer was made, but that issue is not reached in view of our conclusions in this case.)

In State Farm Mutual Automobile Insurance Company v. Marcum, Ky., 420 S.W. 2d 113, a liability insurance carrier was held responsible for its "bad faith" refusal to make settlement within its policy limits. Recovery was permitted against the carrier for the amounts of the verdicts in excess of the policy limits. In Grundy v. Manchester Ins. & Ind. Co., Ky., 425 S.W.2d 735, and Terrell v. Western Casualty and Surety Co., Ky., 427 S.W.2d 825 (decided February 2, 1968), we recognized the right of an insured to assign his claim against his own company for "bad faith" refusal to settle within the policy limits.

The attorney for the insurance carrier sought to pay into court the entire proceeds of the policy at the commencement of the trial upon the condition that all parties making claims against Jeffries would give full release, but the offer was rejected. The trial of the case proceeded, and as the evidence unfolded it became apparent that some question existed as to its outcome. The culpability of Jeffries was not as overwhelmingly demonstrated as was Marcum's in State Farm Mutual Automobile Insurance Company v. Marcum, Ky., 420 S.W.2d 113. The jury deliberated for a long time and reported that it was hopelessly in disagreement, although it ultimately returned a

bare majority verdict. Bypassing the question of whether the offer of settlement was made, we cannot escape the conclusion that the appellants failed to demonstrate a genuine issue of material fact on the critical question of "bad faith." Although some jurisdictions have extended liability in cases of this type so as to permit recovery for *negligent* failure to settle within the policy limits, we are not persuaded as to the soundness of such a doctrine. In our view there must be a showing of "bad faith."

 In face of the uncertainty of the evidence touching such vital questions as where the collision occurred and whether Jeffries had any defense by reason of Mrs. Cherry's activities, we are not willing to say that the trial court erred when it held as a matter of law that there was no showing of "bad faith" against the insurance carrier. It is significant that the estate of Joseph P. David was never included within the prospective settlement. There was some reasonable prospect that the jury might find Dr. Little's negligence to be the sole cause of the accident, or at least a concurring cause. There was reason for the company to believe that the jury would absolve Jeffries. Jeffries made no request of his company to settle in his behalf. The time of the purported offer of settlement left little or no opportunity for the company to determine what course of conduct it should take. As suggested by appellees, there was not even a motion by appellants for a directed verdict against Jeffries. While this is not conclusive, it does support an inference that appellants were not so convinced of the righteousness of their cause as to evoke a label of "bad faith" on the carrier's failure to settle. Upon full consideration of the record, we are convinced that the trial court correctly found that there was no genuine issue of a material fact supporting the charge of "bad faith" on the part of the carrier or its agent, and appropriately granted summary judgment.

The judgment is affirmed.

All concur.