Joseph T. GARVEY, Appellant,

v.

Gertrude BEASLEY, Administratrix of the Estate of George Beasley, Appellee.

Court of Appeals of Kentucky.

Nov. 3, 1961.

Rehearing Denied May 25, 1962.

Harold K. Huddleston, Robert N. Hubbard, Elizabethtown, for appellant.

Hobson L. James, Elizabethtown, for appellee.

MILLIKEN, Judge.

The principal question is whether there is evidence of appellant's negligence.

This action grew out of an automobile accident which occurred in daylight November 29, 1958, on U. S. Highway 31W near the foot of Muldraugh Hill, Hardin County, Kentucky. The highway at this point was constructed of asphalt, had two lanes north and two south separated by a concrete divider two feet wide and six inches high. The two automobiles involved in the accident were driven by Samuel D. Bell and Joseph T. Garvey. George Beasley, a passenger in the Garvey automobile, died as a result of injuries received in the accident and his widow, Gertrude Beasley, as administratrix of his estate, brought this action against both drivers and Carl J. Lish, the owner of the automobile driven by Garvey, to recover damages caused to the estate. A jury trial resulted in a verdict and judgment against both defendant drivers in separate amounts, against Bell in the amount of $10,000 and against appellant, Garvey, in the amount of $5,919. It is from this judgment that Joseph T. Garvey appeals. The lower court gave a directed verdict in favor of defendant Carl J. Lish, and the defendant Samuel D. Bell makes no appeal from the judgment against him.

The accident occurred when Bell's southbound car skidded and crossed the divider strip into the northbound lane in front of the northbound automobile operated by the appellant. Bell admitted that he lost control of his car, that it was going straight across the northbound lane after it crossed the divider, and that he tried to accelerate its speed in an effort to get off the highway but did not succeed. He did not claim that Garvey's northbound automobile was traveling at an unreasonable speed, and said he first saw it "a block and a half to two blocks away" before he skidded.

Garvey declared he was traveling between 40 to 45 miles an hour in the eastern or outside lane of the northbound section of the highway, that he did not recall any vehicle immediately in front of him, but that there was a car a short distance behind him. He said he was in the "slow traffic, or keep right" northbound lane, that he did not notice Bell's on-coming car across the divider strip in the southbound roadway until it had skidded a few feet directly in front of him. He was injured in the collision.

The lone disinterested eyewitness to the collision was driving north 80 to 100 feet behind the Garvey car. He said "he (Bell) slid right into the path of Mr. Garvey's car," that there were about two car lengths between Bell's car and Garvey's when Bell's crossed the divider strip into the northbound roadway. He said he did not know Garvey, that Garvey was traveling at a rate

of 45 to 50 miles an hour, because that was the rate he himself was traveling, and "my car was not gaining on him," that he was able to stop his own car in time to avoid running into the collided cars. He said that Bell's car had pulled out into the southbound passing lane 10 to 15 feet before it started to skid, and that the collision happened in just a matter of seconds.

On the basis of the evidence offered and thus summarized, we believe reasonable minds could not find negligence on the part of Garvey, nor any opportunity for him to have avoided the collision. Therefore, Garvey's motion for judgment notwithstanding the verdict should have been granted.

It is not necessary to discuss the Workmen's Compensation Law questions raised, but see Miller v. Scott, Ky., 339 S.W.2d 941, decided in December, 1960, after the trial of the case at bar.

The judgment is reversed.