**Catherine F. ZIPPERLE and Dorothy Zipperle, Appellants,**

v.

**Marie WELSH, Appellee.**

Court of Appeals of Kentucky.

Dec. 8, 1961.

Rehearing Denied Jan. 26, 1962.

Fred J. Karem, Karem & Karem, Louisville, for appellants.

J. L. Richardson, Jr., Richardson & Richardson, Louisville, for appellee.

CULLEN, Commissioner.

Appellants Catherine and Dorothy Zipperle were riding as guests of their sister, Marie Welsh, in the latter's automobile when it was involved in a collision with an automobile operated by Helen Fisher. Catherine and Dorothy were injured and they brought an action for damages against Mrs. Welsh and Mrs. Fisher. The jury returned a verdict awarding damages against Mrs. Welsh only. Judgment was entered dismissing the action as to Mrs. Fisher, and no appeal has been taken from that judgment. Mrs. Welsh moved for judgment in her favor notwithstanding the verdict. The court sustained the motion and entered judgment dismissing the action as to Mrs. Welsh. The appeal here is from that judgment.

The judgment n.o.v. was entered on the ground that the two plaintiffs in their testimony had made a judicial admission that Mrs. Welsh was not negligent. The only question before us is the correctness of that ruling.

The accident occurred at the intersection of Eastern Parkway and Norris Place, in Louisville. Traffic at the intersection is controlled by a stop-and-go light. Catherine and Dorothy both testified that the green light was in favor of the Welsh car as it entered the intersection. Their testimony

with reference to the position of the Welsh car, its speed and its manner of operation showed an absence of negligence on the part of Mrs. Welsh in regard to those factors. Dorothy, who was sitting in the front seat, said that she did not see the Fisher car, approaching from the right, until the Welsh car was almost to the middle of the intersection. Both Dorothy and Catherine, when asked whether they had any specific complaint with respect to any action by Mrs. Welsh in the operation of her car that might have caused the accident, said they had none.

Mrs. Fisher testified that the green light was in her favor when she entered the intersection. She was corroborated in this by the driver of another car who had approach the intersection from the opposite direction from that in which the Welch car was traveling and who had stopped at the intersection because, he said, the traffic light was red.

In our opinion this is a clear case of judicial admission under the principles set forth in Bell v. Harmon, Ky., 284 S.W. 2d 812.

The appellants contend that the jury would have been entitled to find that Mrs. Fisher ran the red light but that Mrs. Welsh was negligent in regard to lookout and should have seen Mrs. Fisher's car in the intersection, and since Catherine and Dorothy did not specifically exonerate Mrs. Welsh of negligence respecting the lookout duty the doctrine of judicial admission should not apply. This contention is not sustainable. Under the evidence the only issue presented was which driver ran the red light. Both Catherine and Dorothy testified that Mrs. Welsh's car was about half way through the intersection when it was struck in the right rear end by the Fisher car. There was no evidence that would justify a jury's finding that the accident was attributable to a failure of Mrs. Welsh to observe Mrs. Fisher's car in or entering the intersection against the red light.

A further contention of the appellants is based upon certain language in Halbert v. Lange, 313 Ky. 648, 233 S.W.2d 278, 280, to the effect that the conclusiveness of an admission by a plaintiff is destroyed if he corrects his statements, explains them, "or introduces other testimony showing that he could have been mistaken as to the facts." The contention is that the testimony of Mrs. Fisher and the other motorist, introduced by the plaintiffs, that Mrs. Welsh ran the red light, showed that the plaintiffs "could have been mistaken as to the facts." This argument distorts the meaning of the phrase used in the Halbert case. The testimony here did not tend to show that the plaintiffs had made a mistake—it simply tended to show that the plaintiffs' story was not true. If other evidence in a case contradicting a plaintiff's admissions should be treated as showing that the plaintiff could have been mistaken, the doctrine of judicial admission would be destroyed. What the Halbert case has reference to is other evidence *explaining* a mistake on the part of the plaintiff.

The judgment is affirmed.