**LOUISVILLE WHOLESALE LIQUOR COMPANY, Inc., et al., Appellants,**

**v.**

**Mary June ROYAL, Adm'x, etc., Appellee.**

Court of Appeals of Kentucky.

Feb. 26, 1965.

Rehearing Denied July 2, 1965.

W. S. Heidenberg, Raymond F. Bossmeyer, Heidenberg & Bossmeyer, Louisville, for appellants.

Josephine P. Hughett, H. Solomon Horen, Louisville, for appellee.

WADDILL, Commissioner.

The appeal is from a judgment awarding appellee, the administratrix of the estate of George Royal, the sum of $7,500 against the appellants Curtis Harris and his employer, Louisville Wholesale Liquor Company. The crucial question presented is whether the appellants were entitled to a directed verdict. We answer this question in the affirmative.

This action arose from a collision on May 20, 1959, involving a car driven by Lem Jones and a truck owned by the Louisville Wholesale Liquor Company and driven by Harris. Royal, who was fatally injured in the collision, was a passenger in the Jones car. The collision occurred on Dixie Highway which consists of two paved lanes carrying northbound traffic and two paved lanes for southbound traffic. A dirt median strip twelve feet wide separates the four lanes but is interspersed by paved crossovers at irregular distances. The collision took place about 4:00 P.M. during a light rain which made the pavement slick.

The basic facts are not in dispute. Jones drove from the Weaver Tavern on the east side of the Dixie Highway, crossed the northbound lanes and stopped on the median before pulling onto the southbound lanes. He drove south for 600 feet at the speed of 20–25 miles per hour during which time his car was weaving back and forth across the center line of the southbound lanes. At the same time Harris was driving his truck in the passing lane in a northerly direction at a speed of 40 miles per hour, which was within the speed limit. Harris observed the weaving motions of the Jones car in the two southbound lanes when he was several hundred feet south of it. However, he maintained his speed and attended to driving on his own side of the median. He did not again see the Jones car until it skidded through a crossover at which time it was about six feet in front of his truck.

In describing the collision a disinterested eyewitness testified that he observed the weaving motions of the Jones car and that without any indication it "made an abrupt turn and zoomed across the road." A collision was then inevitable.

Appellants maintain the court erred in overruling their motions for a directed verdict and for judgment n. o. v. because the evidence conclusively shows that Harris was guilty of no negligence. Appellee maintains that Harris was negligent in that, having observed the erratic movements of the Jones car and knowing the highway was slick, he should have maintained a continuous lookout and not assumed that Jones would stay on his own side of the road. Reliance is had on Farris v. Summerour, Ky., 296 S.W.2d 708, but this case does not entirely support appellee since we there absolved Farris of contributory negligence on the ground that he was not required to anticipate that Summerour would be driving in violation of the law. While it was the duty of Harris to keep a careful lookout, he was not required to anticipate that a car traveling in the opposite direction would suddenly change direction and move over a 12-foot median into an opposite lane of travel. Garvey v. Beasley, Ky., 356 S.W.2d 764.

The uncontradicted evidence requires us to hold as a matter of law that there was no negligence on the part of Harris, nor any opportunity for him to have avoided the collision. Therefore, Harris' motion for judgment n. o. v. should have been sustained.

The judgment against appellants is reversed with directions to enter judgment n. o. v. in their favor.