Edward NUNNELLEE, Appellant,

v.

Mary L. NUNNELLEE and Walter H. Spillman, Appellees.

Court of Appeals of Kentucky.

May 12, 1967.

Farland Robbins, Mayfield, for appellant.

Neely, Reed & Hubbard, L. M. Tipton Reed, Carroll Hubbard, Jr., Mayfield, George R. Effinger, Paducah, for appellees.

THOMAS A. BALLANTINE, Jr., Special Commissioner.

Appellee, Mary Nunnellee, mother of appellant, Edward Nunnellee, recovered judgment against her son in the amount of $5000 for injuries sustained in an automobile accident and appellee, Walter Spillman, was awarded $300 for damage to his automobile.

This accident occurred at the intersection of Sixth and College Streets in Mayfield. Mary Nunnellee was a passenger in appellant's automobile which was being driven by his daughter, Jan, age 16. The Nunnellee car was going west on College Street and the Spillman car was going north on Sixth Street. The intersection is controlled by a traffic light.

The primary issue concerned which car had the right of way at the intersection, each driver stoutly maintaining that the other driver ran a red light. The jury resolved the dispute in favor of the driver of the Spillman car.

Mary Nunnellee, in a pretrial deposition, stated:

"Q. Did you personally look or possibly look at all—observe the traffic signal as you approached the intersection?

"A. Yes, I saw it was green.

"Q. When did you first notice it was green?

"A. Just as we approached it, just natural to look and see what color.

"Q. You said it was green?

"A. Yes, it was green.

"Q. Any of the other lights burning, either red or amber?

"A. I didn't see them if they were.

"Q. It was not in process of changing, so far as you know?

"A. So far as I know.

"Q. Did you continue to watch the traffic signal as you approached the intersection?

"A. I just saw it was green, was satisfied about it, we were not going very fast."

She also gave testimony on the deposition which indicated that Jan was operating at a reasonable speed, not more than 25 miles per hour.

Appellant moved the court to dismiss the action by Mary Nunnellee against him based upon the testimony referred to above. The motion was passed to the trial and was renewed before the trial began. A ruling on the renewed motion was reserved.

Appellant moved for a directed verdict at the conclusion of plaintiff's proof, and the motion was overruled. This ruling had the effect of overruling the two previous motions made by appellant. The motion was renewed at the conclusion of all the proof and was again overruled.

At the trial Mary Nunnellee testified:

"Q. And at that time for traffic headed west was that light red or green?

"A. The light we were approaching I thought was green.

\* \* \* \* \* \*

"Q. On that occasion as the car in which you were riding approached the traffic light at the corner of Sixth Street and College Street was the light green for traffic coming from your direction or was the light red?

"A. Naturally I looked at the light and it was green.

\* \* \* \* \* \*

"Q. Give us your best estimate of how far your car was from the traffic light when you looked up and saw it was green?

"A. I said there it was 20 feet.

\* \* \* \* \* \*

"Q. You never did see the light any other color except green—is that correct?

"A. Correct."

No amount of reasoning can produce any interpretation of the testimony quoted above except that Mary Nunnellee has absolved Jan of any negligence insofar as her claim is concerned.

The resulting situation is startlingly similar to that in Zipperle v. Welsh, Ky., 352 S.W.2d 556, in which the trial court granted a judgment n. o. v. after a verdict for the plaintiffs. In Zipperle the plaintiffs were passengers in the defendant's automobile. An intersection accident occurred. Both plaintiffs testified that their driver had the green light. In affirming the judgment n. o. v. this court said that other testimony contradicting plaintiffs could not be relied on to explain away the fatal effect of the testimony of the plaintiffs.

It is now well settled in this jurisdiction that one may not deny today what he solemnly swore was true yesterday. Schoenbaechler v. Louisville Taxicab & Transfer Co., Ky., 328 S.W.2d 514. The trial court erred in not directing a verdict for appellant on the claim of Mary Nunnellee against him. Since appellant moved for judgment n. o. v. the trial court, on remand, will enter judgment accordingly.

We turn next to the appeal as against Spillman. Appellant argues that the question of family purpose, upon which the alleged liability of Spillman was based, is one of law and should not have been submitted to the jury. However, we do not find it necessary to consider this question further since the jury verdict, in part, reads:

"Jury finds that Jan Nunnellee was at fault and did run the red light thus causing said accident. \* \* \*."

Without regard to any family purpose in the use of the Spillman car, the jury found that the collision was not caused by any negligence on the part of the operator of the Spillman car but was due solely to the negligence of Jan Nunnellee.

Appellant next complains that testimony was admitted showing he was covered by insurance. His motion for a mistrial was overruled and no admonition was given that the jury could not consider this testimony as affecting the merits of the case. We have held it is proper to show, as here, that a witness represents an insurance company in order to disclose his possible bias. This is an exception to the rule making it reversible error to bring to the jury's attention the possibility of a party being indemnified by insurance. Roland v. Beckham, Ky., 408 S.W.2d 628; Triplett v. Napier, Ky., 286 S.W.2d 87. In view of the fact the verdict for Spill-

man was in the sum of $300 we are unwilling to conclude that the testimony about the insurance constituted prejudicial error in this case.

Other questions raised by appellant concerning the speed of the Spillman car and the City of Mayfield ordinance are not considered since it is obvious from the verdict that the jury found the sole cause of the accident to be Jan Nunnellee's act of running the red light.

The judgment in favor of Spillman is affirmed and the judgment in favor of Mary Nunnellee is reversed with directions to enter judgment n. o. v. for Edward Nunnellee on her claim against him.

All concur.