**William Louis BICKETT, Appellant,**

v.

**Cleavie BICKETT, Appellee.**

Court of Appeals of Kentucky.

Sept. 27, 1968.

As Modified on Denial of Rehearing
Dec. 13, 1968.

James F. Clay, Sr., Clay & Clay, Danville, for appellant.

John S. Kelley, John Douglas Hubbard, Fulton, Hubbard & Kelley, Bardstown, for appellee.

STEINFELD, Judge.

Appellee, Cleavie Bickett, was a passenger in a car owned and driven by his brother, appellant William Bickett, when it collided with an automobile owned by Howard Smith and operated by his eighteen-year-old son, James Smith. Cleavie was injured. He sued his brother, William, and the two Smiths and he recovered a judgment against all defendants. The judgment against the Smiths was satisfied. William appeals from the separate judgment rendered against him. We reverse.

The accident occurred on a clear, dry day near the east edge of Kentucky Highway 49 and the south line of Terrapin Run Road in Marion County. There Ky. 49 formed a sharp curve going from west to south and then the highway continued in a southerly direction. Terrapin Run Road ran in an east-west direction and intersected Kentucky 49 at the northeastern part of the curve appearing somewhat as if it were a continuation of Ky. 49 in an easterly direction. Weeds along the southwest portion of the curve partly obstructed the vision of both drivers.

As William was driving northwardly on Ky. 49, approaching the intersection with which he was familiar, he passed two signs one 600 feet and the other 250 feet south of the intersection warning of the curve and indicating the maximum safe speed at 25 miles per hour. Smith traveling east on Ky. 49 intended to stay on Ky. 49, but being unfamiliar with the area missed the sharp-right curve and continued onto Terrapin Run Road. Realizing his error Smith cut abruptly to his right to bring his car back onto Ky. 49 and continue southwardly. The point of impact was in the center of the north-bound lane of travel which was William's side of the road.

Cleavie stated that William entered the curve at approximately 40 miles per hour but William said it was 20 miles per hour. Cleavie testified that he saw the Smith car when the two cars were approximately 150 feet apart; that Smith crossed over to Terrapin Run Road and then turned sharply to his right to bring his car back onto Ky.

49. Cleavie was asked "How far away from the Smith car were you when you first realized you were going to be side-swiped?" He answered, "Oh, 30 feet."

William said that because of the weeds on his left he could not see Smith until the two cars were 45 to 50 feet apart and that Smith went on to Terrapin Run Road and made a sharp-right turn back onto Kentucky 49 into his lane where the accident happened. Smith says that he was distracted by some boys on bicycles which caused him to miss the turn and that he first saw the Bickett car when it was about 50 feet from him.

William contends that there was no apparent danger of a collision when he first observed the Smith car which appeared to be continuing onto Terrapin Run Road and that he was faced with a sudden emergency created solely by the sudden attempt of Smith to cross William's lane of traffic in order to return to Ky. 49. Insisting that he was not at fault he cites Louisville Wholesale Liquor Company v. Royal, Ky., 390 S. W.2d 875 (1965), which held that while an operator of a motor vehicle has a duty to keep a careful lookout, " * * * he (is) not required to anticipate that a car traveling in the opposite direction would suddenly change direction and move * * * into an opposite lane of travel. * * *." William also cites Sellers v. Cayce Mill Supply Co., Ky., 349 S.W.2d 677 (1961), in which we said:

" * * * However, we have held that when the driver of one vehicle sees an approaching vehicle which is over the center of the road he has the right to assume that the automobile will return to its correct lane. In short, he is permitted to believe that the other driver is watching the road ahead of him. * *."

Relying on these cases, Smith v. Sizemore, Ky., 300 S.W.2d 225 (1957), and Hollar v. Harrison, Ky., 323 S.W.2d 219 (1959), William made a motion for a directed verdict at the close of Cleavie's evidence, at the close of Smiths' evidence, and again when all evidence was in. Later he moved for judgment n. o. v. All motions were overruled. William now contends that the motions should have been sustained. We agree.

It should be noted that even though Cleavie saw the Smith car when the two vehicles were approximately 150 feet apart it was not until 30 feet separated them when he realized there would be a collision. William stated that only 45 to 50 feet separated the two cars when he observed the Smith car and Smith told the jury that 50 feet separated the two vehicles when he first saw the Bickett automobile.

Cleavie was asked, "At the time you first saw the Smith boys' car you thought he was going on down Terrapin Run Road and you didn't think there was going to be any wreck?" He answered, "No, I didn't think there would be a wreck." When interrogated as to what William did after the Smith car cut back into their path he admitted that he didn't know whether his brother had turned his car either way or if he applied the brakes and that he said nothing to his brother to warn him.

There is some evidence that William was traveling too fast for the conditions but just as in Rabold v. Gonyer, 285 Ky. 618, 148 S.W.2d 728 (1941), William's speed was not the causal or contributing factor of the accident. His car skidded only 28 feet and then there was a violent impact demolishing both vehicles. The cars would have collided regardless of the speed.

It is our opinion that the facts in this case bring it within the rules announced in Smith v. Sizemore, Ky., 300 S.W.2d 225 (1957); Sellers v. Cayce Mill Supply Co., Ky., 349 S.W.2d 677 (1961); Louisville Wholesale Liquor Company v. Royal, Ky., 390 S.W.2d 875 (1965) and Hollar v. Harrison, Ky., 323 S.W.2d 219 (1959).

Appellant contends that the testimony of Cleavie is equivalent to a judicial admission which would preclude him from making recovery. He cites Bell v. Harmon,

Ky., 284 S.W.2d 812 (1955); Wandling v. Wandling, Ky., 357 S.W.2d 857 (1962); McCallum v. Harris, Ky., 379 S.W.2d 438 (1964) and Nunnellee v. Nunnellee, Ky., 415 S.W.2d 114 (1967). While the admission of Cleavie that his brother "did something" when it was apparent that the cars would collide, and that the cars were only 30 feet apart when it appeared that a collision would occur may be equivalent to a judicial admission it is unnecessary for us to decide this issue. We reverse because there was insufficient evidence upon which a jury could find that William was at fault.

The judgment is reversed with directions to dismiss Cleavie's claim against William Bickett.

All concur.