**Joyce E. COLDIRON, Appellant,**

v.

**Henry C. MATTICK, Appellee.**

Court of Appeals of Kentucky.

Dec. 15, 1972.

Marshall B. Woodson, Jr., Louisville, for appellant.

John M. Berry, Jr., New Castle, J. H. Highfield, Louisville, for appellee.

REED, Justice.

In this action for personal injuries caused by an automobile accident, the defendant appeals from the trial court's refusal to direct a verdict in her favor. She argues that the plaintiff was contributorily negligent as a matter of law. We think the trial court properly submitted the issues of the defendant's negligence and plaintiff's contributory negligence to the jury. We affirm the judgment.

About 11:00 p. m. on August 21, 1969, a rear-end collision occurred on an exit ramp off I–71 in Louisville, Kentucky. The plaintiff, Henry C. Mattick, while operating his automobile, struck the rear of an automobile then operated by the defendant, Joyce Coldiron. Both plaintiff and defendant were on their way home and both were on the right road to reach their destination.

The plaintiff, Mattick, testified that the Coldiron automobile was to the left of center on the ramp, which was about 30 feet wide. Most of the witnesses stated that the collision occurred about 100 feet to 150 feet from the entrance to the ramp. The area was well lighted. Mattick said that as he approached the ramp at 50 to 55 miles per hour, he slowed to about 45 to 50 miles per hour, entered the ramp, and immediately saw the defendant Coldiron's car approximately 150 feet ahead of him. He noticed that he was gaining on it rapidly. He stated that both the brake lights and the backup lights of the defendant's car were on and that she was either stopped or backing up. He struck the rear of it at a speed of about 40 miles per hour.

The defendant, Coldiron, testified that her car was traveling about 40 to 45 miles per hour when, without warning, it was struck in the rear and knocked about 75 feet down the road.

Since the defendant poses the single issue on appeal that she was entitled to a directed verdict, we must view the evidence in the light most favorable to the plaintiff

and assume that the jury was properly instructed. Hence, for purpose of appellate review, the jury found from the evidence that the defendant was negligent, that her negligence caused the plaintiff's damages, and that the plaintiff was entitled to recover from her the sum of $5,006.00; furthermore, we must assume that the jury determined from the evidence that the plaintiff was not guilty of contributory negligence on the occasion of the accident.

The defendant's entire claim of error rests upon a premise that the plaintiff testified to matters of speed and distance by which he was bound, as these statements constituted judicial admissions. The defendant further asserts that a state police officer, who was an expert on stopping distances, established by his testimony, based on the plaintiff's judicial admissions, that Mattick's car could have been stopped by the average driver in adequate time and distance to have avoided the collision. Thus, argues the defendant, the plaintiff was convicted of contributory negligence as a matter of law.

The expert state police witness testified that an average driver would have his brakes on in three-quarters of a second after he saw something which required him to stop. At 45 miles per hour, a vehicle would travel 50 feet in this reaction time. After the brakes were applied, according to the expert, it would then take an additional 100 feet to stop. In sum, an automobile traveling at a speed of 45 miles per hour could be stopped by an average driver in 150 feet, including both reaction time and braking distance. He also testified that an automobile traveling at the rate of 45 miles per hour could stop on a level, dry concrete pavement in a distance of 100 feet from the time that braking was commenced; that normal reaction time was three-quarters of one second; and that an automobile traveling at 45 miles per hour would travel 50 feet in this period of time.

The investigating officer testified that plaintiff's automobile was stopped abruptly at the point of impact about 125 feet from the entrance to the ramp and that the defendant's automobile traveled 45 feet beyond the point of impact. Plaintiff testified that defendant's automobile traveled only 10 feet beyond the point of impact.

On cross examination of the plaintiff, he made estimates of the distance he traveled before applying his brakes, the distance he traveled before locking his brakes, and his speed at the time of the collision. He made such responses as: "I was probably down around between 45 and 50 just automatic." Another example: "Can you tell us approximately how far ahead of you it was?" (Referring to defendant's automobile when plaintiff first noticed it). "Approximately 150 feet." Still another example: "Well, at the impact, I expect my speed would be about 40 miles per hour." Finally, these two questions were put on cross examination of the plaintiff and answered by him:

> "Q. 209. All right, well, then aside from how much you skidded, how many of these feet would you have your brake applied hard enough so that you were actually in the process of stopping your car? A. I wouldn't have any idea.

> "Q. 211. We just want your best estimate, Mr. Mattick. If you don't know . . . A. 50 feet then."

It is apparent that plaintiff was not testifying to unequivocal facts which were conclusive against him or which constituted judicial admissions.

■ There is a very helpful discussion of the problem concerning when testimony attains the status of binding judicial admissions in automobile-accident cases in the opinion in the case of Bryant v. Corley, Ky., 455 S.W.2d 566 (1970). We have held with some consistency that *estimates* of distance and *equivocal estimates* of speed do not automatically attain the status of judicial admissions by which a party litigant is irrevocably bound when he testifies in such fashion.

■ As pointed out in the Corley opinion, the resolution of the problem depends to some extent on what the fact in issue is and what the rest of the evidence indicates. "In the final analysis, the question adds up to whether upon the whole case, including but not limited to his self-stultification, a verdict in his favor would be unconscionable." Bryant v. Corley, Ky., 455 S.W.2d 566, 570 (1970).

When the evidence is viewed in the light most favorable to the plaintiff, the assumptions used by the expert lose any characteristic of immutability. It is as understandable for the jury to accept the higher range of estimates of speed as it is for them to pin the plaintiff to a specific speed at a given time and within a fixed distance.

■ We conclude that the issue of the plaintiff's contributory negligence was properly submitted to the jury for its consideration. There is no question, of course, that sufficient evidence existed on which to submit the issue of the defendant's negligence.

The judgment is affirmed.

All concur.