Janice CRUMPLER, Appellant,

v.

Margaret WINKLER and Peggy Todd Columbia, Appellees.

Court of Appeals of Kentucky.

Nov. 11, 1977.

Rehearing Denied April 21, 1978.

Leslie Rosenbaum, Eblen, Milner, Rosenbaum & Wilson, Lexington, for appellant.

Douglas E. Johnson, Lexington, for appellee, Margaret Winkler.

J. Peter Cassidy, Jr., Moloney & Moloney, Lexington, for appellee, Peggy Todd Columbia.

Before HAYES, HOWARD and WILHOIT, JJ.

HOWARD, Judge.

This is an appeal from the Fayette Circuit Court by defendant-appellant, Janice Crumpler, from the judgment which allows plaintiff-appellee, Margaret Winkler, to recover from defendant-appellant, Crumpler, and from the judgment which denies recovery of defendant-appellant, Crumpler, against defendant-appellee, Peggy Todd Columbia.

This controversy arises out of an automobile accident which occurred in Lexington, Fayette County, Kentucky, on January 3, 1973. One of the automobiles was being driven by defendant-appellant, Janice Crumpler (hereinafter called Crumpler), in which her mother, plaintiff-appellee, Margaret Winkler (hereinafter called Winkler), was a passenger. The other automobile was being driven by defendant-appellee, Peggy Todd Columbia (hereinafter called Columbia). Winkler, the passenger, filed suit against Crumpler and Columbia, the two drivers; a jury trial was had and the jury awarded Winkler a judgment against Crumpler in the amount of $5,104.97.

Crumpler was traveling north on Shropshire Avenue, which is a "stop" or inferior street. Columbia was traveling west on Seventh Street, a "through" or superior street. Seventh Street is approximately 29 feet wide and does not have lane markings. The first part of Seventh Street, as approached by the Crumpler automobile headed north, was a parking lane. Although for the 100 feet going east on Seventh Street, a no parking zone was designated, all parties admit that a car was parked close to or near the corner of Shropshire Avenue on Seventh Street. The remaining portion of Seventh Street was taken up by two traffic lanes, one for eastbound traffic and one for westbound traffic.

Crumpler alleges that she stopped once by the stop sign located on Shropshire Avenue. Then, as she could not see around the parked car, she moved out further; came to a complete stop in order to check the Seventh Street traffic; and was then hit by Columbia. Winkler testified that after the car in which she was riding made the second stop, she saw the Columbia vehicle approaching about 3 or 4 car lengths away. Winkler testified that the Columbia vehicle was in the middle of the traffic lanes for Seventh Street. Winkler further testified that after she saw the Columbia vehicle approaching, she looked across the street; saw a car turning right off Shropshire on to Seventh; and then looked back at the Columbia vehicle and the collision then occurred.

This must be contrasted with the testimony of Columbia who testified she was on the right side of Seventh Street at the time of the impact. Columbia candidly admits she did not see Crumpler's vehicle prior to the collision although she maintains that she kept a lookout straight ahead as she approached and entered the intersection.

A disinterested witness placed the collision about in the middle of the intersection and the police report places the Crumpler vehicle after the accident in part of the westbound lane on Seventh Street.

■ Crumpler raises seven points on appeal. Crumpler states that Winkler should not be allowed recovery against Crumpler because Winkler judicially admitted Crumpler was not at fault and also for the reason that there is no evidence presented in the case that Crumpler was negligent. We hold that the testimony of Winkler was such as to constitute a judicial admission that Crumpler was not at fault and therefore Winkler should not be allowed recovery for the following reasons.

Winkler testified that Crumpler had made a complete dead stop; that Columbia had run into them; that the automobile had not gone halfway across Seventh Street; and that Crumpler did nothing wrong and was not to blame for the accident. Winkler's testimony was deliberate and unequivocal.

In *Sutherland v. Davis*, 286 Ky. 743, 151 S.W.2d 1021 (1941), the court states at page 1024:

> We believe the law to be that admissions fatal to his cause given in the testimony of a party to an action on the trial of the case should be viewed in the light of all the conditions and circumstances proven in the case; and unless all such circumstances and conditions give rise to the probability of error in the party's own testimony, he should not be permitted to avert the consequences of his testimony by the introduction of, or reliance on, other evidence in the case.

In *Nunnellee v. Nunnellee*, Ky., 415 S.W.2d 114 (1967), a grandmother, the passenger of the car her granddaughter was driving, testified that the stop light was green and that her granddaughter was operating the automobile at a reasonable speed. This was held to be an admission entitling the granddaughter to a directed verdict. This was in light of the jury finding that the granddaughter had run the red light and caused the accident.

The trial court erred in not directing a verdict for Crumpler on Winkler's claim against her. Since defendant-appellant moved for judgment n. o. v., the trial court shall enter judgment accordingly.

■ Crumpler's next point on appeal concerns the failure of the court to direct a verdict in her favor against Columbia. It is obvious from the testimony that there is a conflict concerning the location of the accident and whose automobile was the cause of the accident. Since reasonable minds could differ as to the conclusion of who was at fault in causing the accident, the question becomes a jury issue. The motion for directed verdict was properly denied.

■ Crumpler contends next that the trial court erroneously instructed the jury in the following instruction which reads that: "The defendant, Crumpler, had the right to proceed cautiously into the intersection until she reached a point at which her vision was unobstructed, and in so doing, it was her duty to exercise the highest degree of care having regard for the safety of other vehicles or persons." The instructions define "highest degree of care" as "that additional degree of care which would be exercised by a reasonably prudent person under like or similar circumstances to those in this case because of any higher risk or danger of injury to others."

KRS 189.330(5) sets out what a driver of a vehicle must do in obedience to a stop sign. "He shall proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but may then proceed."

There is nothing in the statute that requires a motorist who is moving from an inferior highway or street into a superior one to exercise the "highest degree of care". Negligence is the failure to exercise ordinary care and we find no authority, nor are we cited any, that would require the giving of a different standard in cases of this kind. We hold that the giving of this instruction was prejudicial error and that a new trial must be given.

Crumpler raises some other points as possible errors but we do not agree and, as the case will be reversed for a new trial, we will not discuss them.

The case is reversed for further proceedings consistent with this opinion.

HAYES, J., concurs.

WILHOIT, J., dissents.

WILHOIT, Judge, dissenting.

I respectfully dissent from so much of the majority opinion as holds that appellee Winkler may not recover against the appellant because that appellee's testimony constituted a judicial admission that the appellant was not at fault. I do not believe that the cases relied upon by the majority in support of this decision are applicable to the facts of this case. Further, considering the facts which were in dispute in this case and Mrs. Winkler's testimony, it cannot be said that upon the whole case a verdict in her favor would be unconscionable. *Coldiron v. Mattick*, Ky., 488 S.W.2d 362 (1972); *Bryant v. Corley*, Ky., 455 S.W.2d 566 (1970).